PORTER AND BENSON *versus* BUCKFIELD BRANCH RAILROAD.

The construction of a contract by referees, appointed under a submission at common law to *settle the dispute in relation to that construction*, is not re-examinable in this court.

Thus, the plaintiffs contracted with the defendants to construct for them a rail road; the defendants reserved the right to alter the line or the gradients of the road, without the allowance of any extra compensation, if the engineer should judge such alterations necessary or expedient; alterations were accordingly made, involving a large increase of expense. For that increase of expense, the referees allowed compensation to the contractors; *Held*, by the court, that the allowance of that compensation did not transcend the authority of the referees.

Thus again ; the defendants in the contract reserved the right to substitute *piling* instead of *embankment*, on a specified part of the road ; and the substitution was made, creating to the contractors an increased expense, for which the referees allowed a compensation ; *Held*, that that allowance did not transcend the authority of the referees.

The submission stipulated, that the referees should take the contract, *as the basis of their action.* The contract required, that a fixed proportion of the cost of the road should be paid to the contractors, in the stock of the company. The referees, having ascertained the amount of that proportion, awarded that certificates for the same should be issued to the contractors ; *Held*, by the court, that this part of their award did not transcend their authority.

The certificates of the stock were demanded, but were not furnished. *Held*, the measure of damage is, not their *par value*, but their *marketable value.*

It is not within the province of referees to award costs, unless so authorized by the submission.

The part of an award by which costs are allowed without authority, may be set aside, without invalidating the residue of the award.

The report of a case from *Nisi Prius* will be dismissed, though signed by the Judge, if it be found defective in any essential particulars.

On a Report from *Nisi Prius*, Howard, J., presiding.

On the 24th of October, 1848, the plaintiffs contracted in writing with the defendants to construct a railroad upon a specified location, and in a prescribed manner. The contract contained many specifications. Among them were the following : —

" The line of road or gradients may be changed, if the engineer shall consider such change necessary or expedient, and no extra allowance shall be claimed therefor.

" The company reserve the privilege of substituting piling for embankment, across the intervale land on a portion of sections No. 5 & 6.

" In reference to the quantities of excavation and embankment, as shown in the estimate, it is to be observed that they are but such an approximation as could be made from centre levels, and the company do not consider themselves bound to assure the contractor, that those quantities will not exceed the estimate, but desire that he will base his bid upon his own examination of the ground and profile as to the quantities, the character of the material to be excavated, as well as all other circumstances connected with the work."

For the foregoing work the defendants agreed, by the same contract, to pay the plaintiffs $40,000. The plaintiffs were " to receive fifteen per cent. of the total amount on their contract in the capital stock of said company," * * * the said stock to be issued on the final completion of this contract, and the full and entire assessments on such amount of stock to be retained by the said company from any moneys remaining in their hands, then due and payable to the plaintiffs.

The plaintiffs, as they now contend, completed the road as agreed; and also did other and extra work, not required by the contract, except for additional compensation.

Difficulties arose between the parties, each claiming compensations as will herein appear ; whereupon they agreed " to submit the matters in dispute" to certain referees, *from whose decision there should be no appeal,* upon the following stipulations, viz : —

" The matter in dispute is in relation to the true construction of the contract between them for the building of the Buckfield Branch Railroad, and for several violations of the contract.

" It is also agreed that P. S. Noxon, Esq. as engineer, shall be engaged to examine the work and measure the work, and report the result of his examinations to the referees mentioned in this agreement, at such time and place as the referees may appoint. It is understood that the contract shall be presented for examination, as a basis for a settlement, and such damage as either party has sustained by non-fulfilment of contract to be so awarded."

The referees accepted the trust. Their report presented the following views and results : —

" By the original estimate exhibited to the contractors and referred to in the contract, the estimate cost of the whole work embraced in the contract was $41,711, which work Messrs. Porter & Benson, by their written tender, promised to do, and to build and complete the whole road according to the plans and specifications exhibited, including the ballasting where

necessary, but not the superstructure, for the gross or round sum of $40,000.

" The contract having been entered into, and the construction of the road commenced under it, the chief engineer of the company so changed and altered the alignment of the road, that the former proposed line on the original plan and profile was so departed from that the proposed and actually located lines seldom coincided, and at the same time the engineer also raised the general grade line of the road above what was originally proposed and contemplated, and furthermore the company claimed and exercised the privilege of substituting piling for embankment across the intervale lands already referred to ; all of which changes, alterations, raising of the grade line, and substitution of piling for embankment were adopted and carried out for the general improvement of the road, and in the supposed interest of the company.

" The effect of these changes, alterations and modifications upon the interests of the contractors, was to increase the expense of construction on masonry some seventeen per cent. ; on excavation and embankment some thirty per cent. ; and on the total cost of the whole work under the contract some twenty-five per cent.

" By the terms of said contract the said company undertook and covenanted, that on or about the first day of each month during the progress of the work, an estimate of the relative value of the work done under the contract should be made, and that three-fourths of the amount of said estimate should be paid to the contractors, and it fully appeared in evidence that said contractors did commence their work under said contract, and followed up the same with all due diligence until they became embarrassed for the want of the necessary funds and capital to carry on the work advantageously, occasioned by the failure of said railroad company to pay said contractors the seventy-five per cent. estimated value of work done, which said neglect on the part of said company to furnish the stipulated funds, in accordance with their contract, continuing, the said Porter and Benson, in the month of Octo-

ber, A. D. 1849, abandoned the further prosecution of the work, and left the same unfinished, without having completed the road, and performed on their part the stipulations of the contract of October 24, A. D. 1848.

" And the undersigned further report and award, that in view of the whole evidence laid before them, and of the state of facts as proved, the neglect of said Porter and Benson to finish and complete all the graduation, masonry, and other work on said Buckfield Branch Railroad, required by the terms and stipulations of their contract, arose from and was wholly owing to the previous neglect of said Railroad company to fulfil the covenants of said company in not making the payments as stipulated in and by said contract on their part.

" And the undersigned further report and award that, according to the true construction of said contract, the changes in the line of road and gradients, which the company reserved to itself the power to make, when considered necessary or expedient by the engineer, and for which no extra allowance should be claimed by the contractor, must *in foro conscientiae* be restricted to such proper changes and modifications as would not materially increase the expense and enhance the cost of constructing said proposed railroad, and that material and expensive changes and alterations, such as those subsequently made and adopted in this case, were not in the contemplation of the contracting parties at the time of entering into said contract ; because, among other reasons, it would place one of the contracting parties wholly at the mercy of the other, and because the consideration of $40,000 which said Porter and Benson were to receive from said company for the work to be done, under the circumstances of the case exclude the idea of all expensive changes and modifications of the line or gradients in the proposed road, their tender or bid being expressly based upon the estimates of the originally proposed alignment and gradients.

" And the undersigned further report and award, that although by the terms of the contract, the company reserved to itself the privilege of substituting piling for embankment across cer-

tain intervale lands, should a further examination of the ground render such a course advisable, yet according to the true construction of said contract, and on a careful collation of its several provisions, — while said company had such right to make their election as they should deem it most for the interest of the company itself, they had no right to impose an additional burden and expense upon the contractors for the sole and exclusive benefit of the company, without indemnifying the contractors therefor.

" With these views in relation to the true construction of the contract between the Buckfield Branch Railroad company, on the one part, and Messrs. Porter and Benson, contractors, on the other part, for the building of the Buckfield Branch Railroad, the undersigned further report and award, that there be allowed to said railroad company, for the non-fulfilment of the covenants and stipulations in said contract of Oct. 24, 1848, on the part of said Porter and Benson, the following sums, to be computed and taken and charged in set-off, against any claims on the part of said Porter and Benson against said company for damages or otherwise, to wit : —

" 1. The amount of the estimate made by Mr. Noxon, as engineer, Nov. 17, 1849, at the special request of the Directors of the company as sufficient in his judgment to bring the road-bed in such shape as to fulfil all the requirements of the contract, being $1150.

" 2. Also a further sum to be added to said estimated amount for imperfections in masonry, in piling, in clearing and grubbing, in covering up stumps and rubbish in embankments, and for other deficiencies of ballasting, &c., being $1350. Which two sums be charged as damages against said Porter and Benson, amount in the whole to the sum of $2,500. And the undersigned further report and award, that there has been paid to said Porter and Benson, by said railroad company, for and on account of work done under said contract of Oct. 24, 1848, the amount of $32,874,15, of which one hundred dollars was paid by one share in the capital stock of said company.

" And the undersigned further report and award, that the said railroad company stand chargeable to said Porter and Benson in the following sums, to wit : —

" 1. In the sum of forty thousand dollars, being the price stipulated to be paid by said company to said Porter and Benson, according to the terms of the contract of Oct. 24, 1848.

" 2. In a further sum to be added to said forty thousand dollars for the excess of work and enhanced cost occasioned by the new alignment of the road, the raising of the road-bed, the increase of masonry, of excavation and embankment, of trestle work, &c. and also for the increased expense of piling across the intervale lands mentioned, over embankment, which enhanced cost of construction, after a careful examination and computation, assuming the contract of Oct. 24, 1848, as a basis for a settlement, the undersigned have estimated at $9,500.

" And the undersigned further report and award, that on a final adjustment of all claims, as well for moneys due as damages sustained by either party, for non-fulfilment of the contract of Oct. 24, A. D. 1848, and for violations of said contract by either party, there now remains due to said Porter and Benson from said railroad company the sum of fourteen thousand one hundred and twenty-five dollars and eighty-five cents ; which said sum of $14,125,85, according to the terms of said contract, and upon the basis of the same, is payable in manner following : — that is to say, seven thousand three hundred dollars in the capital stock of the company at par, of one hundred dollars a share, — said seven thousand three hundred dollars, part of the aforesaid $14,125,85, is to be retained and applied by said company to the payment in full of all assessments made, and to be made, to the amount of one hundred dollars per share, of said capital stock. And the undersigned award that the said railroad company forthwith issue to said Porter and Benson certificates of seventy-three shares in the capital stock of said company, the whole amount of one hundred dollars on each share being paid in the manner above mention-

ed.   Such certificate to be delivered at the office of said company on demand there.

"And the undersigned further report and award, that the said railroad company pay to the said Porter and Benson on demand, after being notified of this award, the sum of six thousand eight hundred and twenty-five dollars and eighty-five cents, being the balance of $14,125,85, after deducting the aforesaid sum of $7,300 which said sum, when paid, the undersigned award, is to be received by said Porter and Benson, in full satisfaction and discharge of all claims and demands whatsoever against said company, growing in any manner out of said agreement of Oct. 24, A. D. 1848, and of all claims and demands for material or supplies furnished, or work done by or on behalf of said Porter and Benson, in the construction of the Buckfield Branch Railroad.

"And the undersigned further report and award, that the respective parties in this case, each pay their own witnesses, counsel and expenses, and furthermore, under the peculiar circumstances of the case, as presented to the undersigned by the evidence adduced, it appearing to the undersigned that the elucidation of the case was for the mutual interest of both parties, and necessary for the common understanding of their respective rights.   The undersigned, therefore, award, that the expense of survey authorized and required of Mr. Noxon, as engineer, by the instrument of reference, amounting to sixty-six dollars, and the further expense of certain calculations made by Mr. Arrowsmith, amounting to thirty dollars, should be at the charge and expense of both parties.

"And the undersigned further award that the compensation of the referees in this case for fifteen days services each, at the rate of $5,00 per day each, together with five dollars each for incidental expenses, and twenty dollars more in addition for notifying the parties and referees, and drawing this report and award, be also at the joint expense of the parties.

"In accordance with these views and adjudications, the undersigned further award that the said Porter and Benson, paying to the undersigned, for the use of the parties interested,

the amount of the aforesaid mentioned sums, being three hundred and fifty-six dollars, the said Porter and Benson shall have the right to claim and demand of the aforesaid railroad company, the one moiety of said sum, being one hundred and seventy-eight dollars, which sum the undersigned award to be paid to said Porter and Benson, in addition to the sums herein before awarded.

"Done at Portland, this 26th day of January, A. D. 1850.

"All which is respectfully submitted by

"Wm. P. Preble,
"John Anderson,
"P. S. Noxon."

The defendants were duly notified of the award, and a demand was made upon them for the certificates of stock which were not delivered.

This action is ASSUMPSIT upon the award.

The defendants pleaded the general issue with a brief statement; alleging no such award as set forth in the plaintiff's writ.

The defendants objected to the said award as exceeding the authority given to the arbitrators, and as defective and illegal on its face, and generally to its sufficiency, admissibility and effect, and to the introduction of these papers, but the court admitted them to be read, subject to all legal exceptions, and for the purpose of carrying forward the case, ruled *pro forma*, that the submission and award might be read to the jury, and were sufficient to maintain the action.

The defendants proposed to show that said stock was of less value than one hundred dollars per share, and contended that if the plaintiffs were entitled to receive the said stock, that their claim was limited to the actual market value of said stock at the time of the demand. But for the purpose of this trial, the court ruled that the measure of damages, if any were recoverable, on account of not delivering the same on demand, would be the par or full amount of one hundred dollars for each share of stock not delivered.

The defendants then called John Anderson, one of the arbi-

trators, who testified in relation to the hearing before the referees, that the referees in making up the award, adopted the report of P. S. Noxon, engineer, as the basis of the award. That they took Noxon's report of the quantities of work and applied the contract prices, and made up the amount in that way ; — that much testimony was before them that Noxon had been engineer of the company ; — that no objection was made to the correctness of his report, and that the referees took it for granted that the admeasurement was correct.

The defendants also called W. P. Preble to the same points, who confirmed the statements of Mr. Anderson, and also testified that the company brought on testimony to show that there was not so much work as represented by Noxon, and that he directed Noxon to make all the surveys either party wanted.

The defendants then called A. P. Robinson, civil engineer, and proposed to show by him and other witnesses that the report of Noxon was untrue in every essential particular, and that the basis on which the arbitrators made their award was false and untrue ; — that so far from there having been any excess of work done on the road by the contractors, beyond the requirements of the contract, the entire amount of all work done on the road was less than the original estimates on which the work was let, and less than the amount which would have been required to have completed the contract upon the original line and survey.

The case was then withdrawn from the jury and submitted to the court ; judgment to be entered according to the rights of the parties.

*Codman* and *May*, for the plaintiffs.

*Parris* and *Poor*, for the defendants.

HOWARD, J. — This report was not drawn up, and presented for signature, until several months after the trial; and, although then signed and allowed, it was subsequently discovered, that it did not contain a full statement of the case, and of the rulings of the presiding Judge, and it must be

Porter *v.* Buckfield Branch Railroad.

dismissed. But two questions were presented at the argument, upon which an expression of the opinion of the court, in this stage of the proceedings, has been strongly urged. 1. Whether the award is void upon its face. 2. What would be the measure of damages, if the plaintiffs should recover in this action upon the award.

This was a submission at common law, and by its terms, the referees had power to award conclusively, upon "the matter in dispute" between the parties; which is stated to be " the true construction of the contract between them, for the building of the Buckfield Branch Railroad, and for several violations of the contract." The agreement of submission recites, that, "it is understood, that the contract shall be presented for examination, as a basis for a settlement, also all the receipts given to the company by Porter and Benson, on account of said contract, and all other legal evidence which either party can produce, in relation to this matter in dispute ; and such damage as either party has sustained by non-fulfilment of contract to be so awarded."

The referees accepted the trust confided to them; met and heard the parties and their counsel; gave a full and deliberate construction to the contract of October 24, 1848, which was submitted to them, and awarded such damages as in their opinion, either party had sustained by non-fulfilment of that contract. Such construction, if honestly and fairly made, must stand, as the decision of the tribunal selected by the parties for that purpose, and this court can neither change nor reverse it. But it is contended, that the referees exceeded their authority, and extended their decision beyond the scope of the submission, and that the award is, therefore, void.

The articles of agreement, or contract, as it is termed, of October 24, 1848, provide, that the plaintiffs "should construct and finish in the most substantial and workmanlike manner" the railroad according to the specifications stated, for $40,000. It is specified, that " the line of the road or gradients may be changed, if the engineer shall consider such change necessary or expedient, and no extra allowance shall

be claimed therefor." And "the company reserve the privilege of substituting piling for embankment across the intervale land on a portion of sections No. 5 and 6, should a further examination of the ground render such a course advisable." After awarding to the defendants the amount of payments made to the plaintiffs and $2500, for " non-fulfilment of the covenants and stipulations in said contract of Oct. 24, 1848, on the part of said Porter and Benson, to be computed and taken and charged in set-off against any claims, on the part of said Porter and Benson, against said company for damages, or otherwise," the referees " further report and award, that the railroad company stand chargeable to said Porter and Benson, in the following sums, to wit," $40,000, being the price stipulated to be paid to them in the contract, and a further sum to be added to said $40,000, for the excess of work and enhanced cost occasioned by the new alignment of the road, the raising of the road bed, the increase of masonry, of excavation and embankment, of trestle work, &c., and also for the increased expense of piling across the intervale lands mentioned, over embankment, which enhanced cost of construction, after a careful examination and computation, assuming the contract of October 24, 1848, as a basis for a settlement, the undersigned have estimated at $9,500."

Whether there was excess of work done, and whether the work was performed at enhanced cost, occasioned by such new alignment and substitution of piling for embankment, and whether the plaintiffs were entitled to increased compensation therefor, under the contract, were questions to be determined upon a true construction of the contract, by the referees, and taking that as the basis for the settlement contemplated by the agreement of submission.

So, the neglect, on the part of the company, to furnish funds, in accordance with the contract, might constitute a violation of it, and it was, therefore, competent for the referees to " report and award on a final adjustment of all claims, as well for moneys due as damages sustained by either party for non-fulfilment of the contract of October 24, 1848, and for violations of said contract by either party."

Porter *v.* Buckfield Branch Railroad.

It is objected, further, that the referees had no authority to award in what manner the damages should be paid. This objection would have more force if the agreement of submission had not stipulated that the contract should be presented as the basis of the settlement; or if the terms of that contract had been invaded by the adjudication. As it is, the award provides that the defendants may, or shall pay in accordance with their contract and agreement, and the objection fails. If the method of payment, thus provided, is more favorable to the defendants, than the payment in money, they may not suffer on that account; but if less favorable, and even if not authorized by the submission, such provision, as to the manner of payment, would not necessarily invalidate the whole award. It might be good in part, and bad in part; valid for the amount awarded, and void for the provision prescribing the manner of payment, if by annulling that provision, the rights of neither party to the award are impaired. *Pope* v. *Brett*, 2 Saund. 293, note 1 ; *Banks* v. *Adams*, 23 Maine, 259.

In thus awarding, the referees appear to have acted within the scope of the authority conferred upon them, in giving a construction to the contract, and awarding upon its basis the damages either party had sustained by its non-fulfilment; and their award is not rendered invalid by any thing presented by these objections.

At common law, referees or arbitrators have no power to award costs, unless conferred by the agreement of submission. The award in this case, respecting costs, was not authorized, and is not binding upon the parties. But as this does not affect the substance of the award of damages, or the substantial justice of the case, it cannot impair the validity of the award in other respects. *Chandler* v. *Fuller*, Willes, 62 ; *Fox* v. *Smith*, 2 Wilson, 267 ; *Addison* v. *Gray*, 2 Wilson, 293 ; *Gordon* v. *Tucker*, 6 Maine, 247 ; *Walker* v. *Merrill*, 13 Maine, 173.

It has been held that, if no provision be made by the award

respecting costs of reference and award, they are to be paid by the parties equally. *Grove* v. *Cox*, 1 Taunt. 165.

On the subject of damages the referees " report and award, that on a final adjustment of all claims, as well for moneys due, as damages sustained by either party, for non-fulfilment of the contract of October 24, 1848, and for violations of said contract by either party, there now remains due to said Porter and Benson from said railroad company, the sum of fourteen thousand, one hundred and twenty-five dollars and eighty-five cents, — which said sum of $14,125,85, according to the terms of 'said contract, and upon the basis of the same, is payable in manner following : — that is to say, seven thousand, three hundred dollars in the capital stock of the company, at par, of one hundred dollars a share ; — said seven thousand, three hundred dollars, part of the aforesaid $14,125,85, is to be retained and applied by said company to the payment in full of all assessments made, and to be made, to the amount of one hundred dollars per share, of said capital stock. And the undersigned award that said railroad company forthwith issue to said Porter and Benson certificates of seventy-three shares in the capital stock of said company, the whole amount of one hundred dollars on each share being paid in the manner above mentioned. Such certificates to be delivered at the office of said company on demand. And the undersigned further report and award that the said railroad company pay to said Porter and Benson on demand, after being notified of this award, the sum of six thousand, eight hundred and twenty-five dollars, and eighty-five cents, being the balance of $14,125,85, after deducting the aforesaid sum of $7,300, which said sum when paid, the undersigned award, is to be received by said Porter and Benson, in full satisfaction of all claims and demands whatsoever, against said company, growing in any manner out of said agreement of October 24, 1848, and of all claims and demands for material or supplies furnished, or work done, by or on behalf or said Porter and Benson, in the construction of the Buckfield Branch Railroad."

This is not an award that the defendants should pay to the plaintiffs $14,125,85, as claimed by them, but that they should pay that sum, less $7,300, and issue to the plaintiffs, seventy-three shares of the stock of the company, exempt from assessments, in accordance with the contract of the parties. The sum of $7,300 being nominally retained as an equivalent for such assessments, though in fact never due to the plaintiffs upon the contract, or by the award.

The measure of damages, then, will be $6,825,85, and the value of the seventy-three shares of the stock, thus circumstanced, with interest from the date of the demand proved. Any other rule would cast upon the defendants a burden not imposed by the award, and wholly inconsistent with the terms and spirit of the contract, upon which the award was to be based, and upon which it was in fact made. But, for the reasons given, the report must be dismissed, and the cause may be submitted to a jury.