DAVID GIBSON, Appellant, v. WHIP PUBLISHING COMPANY *et al.*, Respondents.

St. Louis Court of Appeals, January 3, 1888.

1. CONTRACT—DISABILITY TO PERFORM.—Where a party to a contract disables himself from performance, the other party may maintain an action against him for the breach.

2. ——— NOMINAL DAMAGES.—Where the breach of a contract consists in the failure to deliver certain stock in a supposed corporation, the measure of damages will be the actual market value of such stock. And if it turns out that the corporation is never formed, and no stock is ever issued, and that if any were issued it would be valueless, the plaintiff can recover only nominal damages.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Affirmed.*

R. W. GOODE, for the appellant : If a party agrees to do an act, he is bound to perform what he undertook to do, or pay damages ; the impossibility of accomplishing the thing will not excuse him. *Beebe v. Johnson*, 19 Wend. (N. Y.) 500 ; 3 Comyn's Dig. 93 ; 1 Roll. Abs. 310. If a party to a contract disables himself from performing it, he may be sued for the breach. *Crabtree v. Messersmith*, 19 Iowa, 179. When one binds himself by an agreement he is held liable for its performance, though it is rendered impossible by events over which he has no control. *District Township v. Smith*, 39 Iowa, 9 ; *Wolf v. Railroad*, 64 Iowa, 380 ; *Carpenter v. Life Ass'n*, 68 Iowa, 453 ; *Railroad v. Richmond*, 9 Wall. 584 ; *Beebe v. Johnson*, 19 Wend. 500 ; *Harmony v. Bingham*, 12 N. Y. 99 ; *Railroad v. Bowens*, 4 J. & Sp. 136 ; *Booth v. Rolling Mill Co.*, 60 N. Y. 487 ; *Regan v. Bulkley*, 1 Rob. (N. Y.) 153. In *Bates v. Rail-*

*road,* 3 T. & C. (N. Y.) Supreme Court Rep. 16, it is held that, where payment is to be made in stock of a corporation, not yet issued, a recovery can be had for the par value (not market value) of stock if it is not delivered. In the case of *Railroad v. Kelly* (5 Ohio St. 180) it is decided that, where the specific articles (stock in a corporation to be afterwards issued) were not delivered, recovery may be had for the par value thereof. When a person goes into the employ of another under an agreement, by the terms of which he is to be paid in a specific manner, or by certain specific property, upon failure of the employer to pay as agreed, an action for the value of the services may be maintained. Wood's Master and Servant, sec. 107; *Stone v. Stone,* 43 Vt. 180. A contract to pay for plaintiff's service at the rate of sixty dollars per month, in gold bullion, valued at sixteen dollars per ounce in gold coin of the United States, is not for the delivery of specific articles, but for the payment of money; and suit will lie without previous demand. *Counsel v. Vulture,* 5 Daly [N. Y.] 74. Where a party agrees to pay a certain sum of money in specific articles at a certain price, the sum expressed, not the value of the articles, is the true measure of damages. *Gleason v. Pinney,* 5 Cowen [N. Y.] 152. An agreement to receive part pay in the stock of a railroad company is not obligatory if the stock is worthless. *Hart v. Lauman,* 29 Barb. 410. Under a contract to pay for services in property, the party who has performed the services may recover the money value upon the refusal of the other party to pay the property as agreed. *Stewart v. Craig,* 3 G. Greene [Iowa] 505; *Bayless v. Pricture,* 24 Wis. 651. An agreement to take pay in certain wood, for work, is no bar to an action for the price of the work after a demand for the wood and a neglect to point it out. *Costello v. Cady,* 102 Mass. 140; *Punderson v. Shepherd,* 8 Pick. [Mass.] 379. When the contract has been fully performed, the contract price may be recovered in *assumpsit. Sperry v. Johnson,* 11 Ohio, 452; *Ames v. Sloat,* Wright [Ohio] 577. If under a contract

the services are made payable in worthless money, the servant may prove the value of his services and recover their actual value. *San Patricio Co. v. McClane*, 44 Tex. 392. If the value can be ascertained from the contract, an action lies for the services. 1 Comyn on Contracts, 3 ; *McMahon v. Railroad*, 20 N. Y. 463. In an action on a note payable in specific articles, at a certain price, the sum mentioned, and not the value of the articles, is the measure of damages. *Gleason v. Pinney*, 5 Cow. 152 ; *Shouse v. Neiswanger*, 18 Mo. App. 250 ; *Paradide v. Jayne*, Alleyn Rep. 23 ; 23 Car. 2 ; *Davis, Adm'r, v. Smith*, 15 Mo. 467. In computing the amount of stock that was to be delivered to plaintiff under his contract, the stock is to be estimated at its par value. *Bates, Adm'r, v. Railroad*, 3 T. & C. [N. Y.] Sup. Ct. Rep. 16 ; *Railroad v. Kelly*, 5 Ohio St. 180. The measure of damages for the non-delivery of the stock upon demand is the market value of the stock when demanded. *Railroad v. Kelly*, 5 Ohio St. 180 ; *Bates, Adm'r, v. Railroad*, 3 T. & C. [N. Y.] 16 ; *Porter v. Railroad*, 32 Maine, 539 ; *Barker v. Railroad*, 27 Vt. 766 ; *Smith v. Dunlap*, 12 Ill. 184 ; *Thomas v. Starling*, 1 Mo. 583 ; *Farwell v. Kennett*, 7 Mo. 595 ; *Phelps v. Riley*, 3 Conn. 266 ; *Robinson v. Noble's Adm'r*, 8 Peters, 181. As the stock had no market value it follows that plaintiff could only recover nominal damages.

Rombauer, J., delivered the opinion of the court.

The only complaint made upon this appeal is, that, upon the uncontroverted testimony, the plaintiff, appellant, was entitled to a judgment for one hundred and thirty dollars, and the trial court rendered judgment in his favor for nominal damages only.

The following facts were shown upon the trial : The plaintiff was a cartoon artist, and, at the date of the contract sued upon, in the employ of defendants' predecessor at a weekly salary of twenty dollars. When the defendants took charge of the business they continued the former employes and agreed to pay the plaintiff his

former compensation, and in addition thereto five dollars per week in stock of a corporation which they expected to organize for the purpose of running the business. The business proved a total failure and the corporation never was organized. The testimony concedes that had it been organized the stock would have been worthless. The plaintiff, at the date of his discharge, was paid all that was due him at the rate of twenty dollars per week. Some time after his discharge he demanded stock for the additional five dollars per week, and upon defendants' failure to give it to him brought this action.

The suit is one for breach of an express contract, and not upon an implied contract, for the value of plaintiff's services. No testimony was offered in regard to the value of plaintiff's services. It results that the class of cases which hold that, in case performance is rendered impossible by the act of the employer, the employe may sue for the reasonable value of the services performed, must be at once laid out of view.

The court justly found that the defendants were liable, because if a party to a contract disables himself from performing it, he may be sued for the breach. On the other hand, the court found, with equal propriety, that the plaintiff was entitled to nominal damages only, as the measure of damages is the value lost by the plaintiff owing to defendants' failure in not performing the stock part of the contract—the damages in these cases being purely compensatory.

As no stock had ever been issued, the plaintiff was entitled to a money judgment for the highest probable market value of the stock if it had been issued. As the court found, upon very satisfactory evidence, that such probable value was nominal, the plaintiff was entitled to nominal damages only. The cases of *Railroad v. Kelly* (5 Ohio St. 180) ; *Bates v. Railroad* (3 T. & C. [N. Y.] Sup. Ct. 16), and *Porter v. Railroad* (32 Me. 539), are directly in point.

The rule, which turns a debt, payable in property, into a money debt for a corresponding amount, has no

application to a case of this character. We can properly say, with the learned judge who delivered the opinion in a case almost identical in its facts with the one at bar, "the law relating to trade notes and cases of that kind has no application to the agreement between these parties. The agreement was one of exchange of work for stock, in which monetary terms were necessarily used, not for the purpose of expressing real values, but as the only mode of expressing quantities and proportions." 5 Ohio St. 194.

Judgment affirmed. All concur.