## ELMON ARMSTRONG, Respondent, v. S. M. HENLEY and W. T. WAITE, Appellants.

### Kansas City Court of Appeals, July 6, 1914.

1. **CONTRACTS: Breach: Damages.** A partnership entered into a contract with plaintiff that if he would assist them in getting the agency for the sale of certain pianos they would give him one-third the net profits made thereby. He helped them secure the contract. The partnership sold pianos under the agency contract for awhile and then converted the partnership into a corporation and continued to sell pianos under the agency contract as before. *Held*, that in a suit by plaintiff for breach of the contract brought against the partners, the measure of his damages could be shown by proving the net profit of the pianos sold whether such sales were made by the partnership or by the corporation.

2. ————: ————: **Assignment of Contract.** Where one of the parties to a contract renders himself incapable of performing by assigning the contract to another, such conduct is a breach thereof and the other party may sue for the breach. Neither could defendants by incorporating escape liability created by their contract with plaintiff.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

AFFIRMED.

*Broaddus & Crow* and *L. D. Tolle* for appellants.

*Haff, Merservey, German & Michaels* and *W. M. Eby* for respondent.

TRIMBLE, J.—This is an action for damages for breach of a contract.

On Septemebr 1, 1909, plaintiff entered into a contract with defendants, then a copartnership engaged in selling pianos at retail in Kansas City under the name of the Henley-Waite Music Company, by which contract it was agreed that if plaintiff would

assist defendants in securing from the Melville-Clark Piano Company of Chicago the agency in Kansas City and vicinity for the sale of the Apollo Player Piano, defendants would give plaintiff, in return and as consideration for such aid and assistance, one-third of the net profits made from the sale of all such instruments shipped by the Melville-Clark Piano Company to defendants.

Upon a trial of the case the jury returned a verdict for plaintiff and defendants have appealed.

Complaint is made because the court did not confine the evidence of profits made by defendants on Apollo Player pianos to the time between the date of the contract and July 10, 1910, but allowed plaintiff to show profits down to the institution of suit. On July 10, 1910, the business of defendants was incorporated under the same name, The Henley-Waite Music Company, and it is contended that as plaintiff's petition is on a contract with the partnership plaintiff can recover a share of only those profits made by the partnership and not of those made by the corporation.

But the agency contract which plaintiff obtained remained in force as well after the incorporation as it did before, and the Melville-Clark Company continued to send Apollo Player pianos under the agency contract. The suit is for damages for a breach of the contract with plaintiff as to a share of the profits made under the agency contract, and the measure of plaintiff's damages is one-third of the net profits made in the sale of such instruments sold under such agency, whether made by the partnership or the corporation. The record does not show who were the incorporators of the corporation, but the inference is that the partnership was merely converted into a corporation. The business and the name remained as before and Henley, one of the partners, testified that Waite had,

at the time of the trial, November 7, 1911, no further interest in the Henley-Waite Music Company as he, Henley, had bought him out in February, 1911. The incorporation took place in July, 1910. But whether the partnership merely converted itself into a corporation or whether it sold the business to a corporation and turned the agency contract over to it, would be immaterial so far as plaintiff's right to recover damages for its breach is concerned. Defendants could not by assigning the contract render themselves incapable of complying with it. Such course of conduct was a breach thereof. [Laclede v. Stillwell, 97 Mo. App. 258; Gibson v. Whip Publishing Co., 28 Mo. App. 450.] The agency contract was the subject-matter, result, and object to be accomplished by the contract between plaintiff and defendants. The former contract could not be assigned without the consent of both parties. Neither could defendants get rid of their obligation to plaintiff by assigning it, unless he consented to the substitution. [Moore v. Thompson, 93 Mo. App. 336.] Whenever defendants put it out of their power to perform their contract with plaintiff, the latter could treat it as breached and sue for damages caused thereby. [Reusens v. Mexican National Trust Co., 22 Fed. 522. See, also, Bagley v. Cohen, 53 Pac. Rep. 1117.] On the other hand, defendants could not by incorporating their business escape the liability created by their contract with plaintiff. [Martin v. Fewell, 79 Mo. 401; Queen City Furniture & Carpet Co. v. Crawford, 127 Mo. 356.] The reasonable inference to be drawn from the record is that defendants merely incorporated their business. Certainly the defendants still controlled the agency contract and it continued in force the same as before.

Error is also claimed as to the introduction of certain evidence. The evidence objected to consisted of a statement of the business of the Henley-Waite Music Company. It was introduced solely to show the ex-

penses of the business so that the net profits on the sale of Apollo Player pianos could be ascertained by deducting the total expenses from the gross profits. There was no dispute as to the number of piano players sold. The statement was gotten up by defendant's bookkeeper, Myers. It was not objected to on the ground that the books were the best evidence, and it obviated the necessity of a long examination of such books. Certain parts of it might have been properly excluded if a separate objection had been made to that part or that part had been requested to be excluded. The objection at the trial, however, went to the statement as a whole. But we do not think the immaterial parts, which could have been excluded had separate objection to them been made, could have affected the verdict either way.

The judgment is affirmed. All concur.