JOHN H. MILLER AND ANN C. MILLER, HIS WIFE, *v.* SAMUEL STOKELY AND OTHERS.

To establish an express trust in the case of a conveyance by deed absolute on its face, it is requisite that the evidence should be *clear, certain* and *conclusive*, in proof not only of the existence of the trust, and that, too, at the time of .the conveyance, but also as to its *terms* and *conditions*.

It is not sufficient that circumstances should be in proof calculated to excite a suspicion, or even a probability, in the minds of some persons, that there might have been a trust ; but the proof must show the existence of the trust *affirmatively*, and so *conclusively* as to remove all reasonable and well-founded doubt.

A deed for the conveyance of lands, absolute in its terms, and in consideration of natural love and affection, is repugnant to the existence of a trust, and if in opposition to the terms of such a deed, an express trust *coupled with an interest*, could be set up and proven by circumstantial evidence, predicated on a supposed concealment or fraud, after the lapse of thirty years, it is essential that the evidence be so *certain* and *conclusive* as to exclude every rational hypothesis to the contrary, with the certainty of a positive written declaration of the trust.

An *implied* or *resulting* trust cannot be shown against an absolute deed in consideration of natural love and affection.

Miller and Wife *v.* Stokely and others.

IN chancery.   Reserved in the District Court of Jefferson County.

The complainants are John H. Miller, and his wife Ann C. Miller, who is a daughter and heir at law of Thomas Stokely, deceased.   The defendants are the other children and heirs at law of said deceased, including Samuel Stokely, a grantee as well as heir.   The object of the bill is to have the deed from Thomas Stokely and wife to Samuel Stokely, mentioned in the opinion of the court, declared to be subject to an express trust in favor of the grantors and their heirs, and to compel Samuel Stokely to account as trustee.   None of the defendants answer but Samuel Stokely.

The material allegations of the bill and answer, are set out in the opinion of the court, as are also the material facts, as found by the court.

*Stanton & McCook,* for complainants and Mrs. Wilson, one of the defendants.

*R. Marsh, Wm. Kennon, Sr., Daniel Peck* and *Henry Stanbery,* for Samuel Stokely.

BARTLEY, J.   The determination of this case depends on a simple question of fact as to the existence of *an express trust.* On the 1st of June, 1821, about thirty years before the commencement of this suit, Thomas Stokely, in consideration of *natural love and affection,* and five thousand dollars acknowledged by a receipt on the back of the deed to have been received, conveyed to the defendant, Samuel Stokely, being his only son, certain lands in Mercer and Butler counties, in the State of Pennsylvania.   The deed, although somewhat peculiar in its phraseology and provisions, contains an absolute conveyance, expressed to be, " *to and for the only proper use, benefit and behoof of him, the said Samuel Stokely.*"   The object of this suit is to have this deed declared to have been a conveyance *in trust,* for the grantor.   The bill sets up that the conveyance was made " on

the *exprsss trust* that Samuel Stokely would hold the said lands for the use of the said Thomas Stokely and his heirs ; that he would preserve them from waste and injury, and protect the titles thereto from the adverse claims of strangers, and that he would dispose of them from time to time to the best advantage, and account with the said Thomas Stokely or his heirs for the proceeds thereof, and that he would convey any portion thereof to such persons as the said Thomas Stokely or his heirs might appoint, or re-convey any that might remain unsold to the said Thomas Stokely or his heirs, *on request,* and that the said Samuel accepted the conveyance aforesaid, upon the trust aforesaid, and .entered upon the execution of the said trust."

It is averred in the bill that there was a written declaration of this trust, signed by Samuel Stokely, and delivered to Thomas Stokely in his lifetime, but that the same is now either in the hands of Samuel Stokely, or destroyed. The existence of any such trust at any time, is positively denied in the answer of Samuel Stokely. No attempt is made to prove the contents of any written declaration of the trust, by any witness who ever saw any such paper ; but the complainants seek to establish the existence and terms of an *express trust* in connection with this conveyance, either written or parol, by circumstantial evidence.

It is claimed on the part of the complainants, that the five thousand dollars, stated as a part of the consideration, and the receipt of which was acknowledged, were never in fact paid by Samuel Stokely. Be this as it may, no foundation can be laid in this case for relief, on the ground of *an implied* or *resulting trust.* How far natural love and affection operated on the grantor, as a part consideration, cannot be ascertained, and it would have been sufficient to sustain the deed as an absolute conveyance, if the moneyed consideration had been merely nominal. An *implied* or *resulting* trust cannot be shown against an absolute deed, in consideration of natural love and affection. The case, therefore, must turn upon the question, whether the proof has established the existence of an express trust.

To establish an express trust in the case of a conveyance by deed absolute on its face, it is requisite that the evidence should

Miller and Wife *v.* Stokely and others.

be *clear*, *certain* and *conclusive*, in proof not only of the existence of the trust, and that, too, at the time of the conveyance, but also as to its *terms* and *conditions*.

A deed for the conveyance of lands, absolute in its terms, and in consideration of natural love and affection, is repugnant to the existence of a trust. And if, in opposition to the terms of such a deed, an express trust, *coupled with an interest*, could be set up and proven by circumstantial evidence, predicated on a supposed concealment or fraud, after the lapse of thirty years, it is essential that the evidence be so *certain and conclusive* as to exclude every rational hypothesis to the contrary, with the certainty of a positive written declaration of the trust. *Fleming* v. *Donahoe et al.*, 5 Ohio Rep. 255. *Boyd* v. *McLean*, 1 Johns. Ch. R. 883 ; *Markee* v. *Pell*, 1 Johns. Ch. R. 539.

The application of these rules of evidence to the case before us, removes all difficulty in its determination. The transaction in which this deed originated, could not have been unknown to the family of Thomas Stokely. His wife signed and sealed the deed with him. One of the daughters, being the complainant Ann C. Miller, signed the deed as a witness. Thomas Stokely lived some three years after the execution of the deed, and Samuel and his mother administered on his estate. The widow lived some twenty-four years after the execution of the deed, in constant and uninterrupted intercourse with her children. The evidence discloses the fact, that the ancestor, Thomas Stokely, was not inattentive to the interests of his family, and had expressed a prudent forecast in regard to keeping his family advised on the subject of his property. It appears in the evidence that, for some years prior to the execution of the deed, the lands conveyed by it had given the grantor much annoyance ; and it is not pretended that any member of his family was ignorant that he had once owned these lands. No witness pretends ever to have seen any written declaration of the trust ; and it does not appear that anything was said about a trust, at the time of the execution of the deed. And, in 1827, when partition was made by the heirs of Thomas Stokely, deceased, of lands which descended to them, and dower was assigned to the widow, and some inequalities in

the partition were adjusted upon the further partition of the dower estate, to take effect after the termination of that estate, the widow declared that the lands conveyed by this deed belonged to her son Samuel.

Under these circumstances, the complainants seek to establish the existence of an *express trust* by circumstantial evidence. Numerous circumstances in proof are relied on. It is not necessary here to recite them, but sufficient to say that they are not of that *clear and conclusive* tendency which establishes to our satisfaction the existence of any such trust. It is not at all surprising that, · after the lapse of thirty years, circumstances could be shown not susceptible of clear and entirely satisfactory explanation. And it is not sufficient that circumstances should be in proof calculated to excite a suspicion, or even a probability, in the minds of some persons, that there might have been a trust. It was requisite to entitle the complainants to the relief sought, in this case, that the proof should establish the existence of the trust, *affirmatively*, and so *conclusively* as to remove reasonable and well founded doubt. This has not been done, and we are unanimous in the opinion that the bill must be dismissed.