White, J.
The first error relied on in this case is, that the deed from Thomas Leaman to Anna K. Bochman was executed upon an illegal consideration.
This objection can not avail. The bill of exceptions does not undertake to set out all the evidence. It merely shows that there was evidence tending to prove the consideration to have been illegal. If the fact was not proved, it could have no legal effect. Whether it was proved or not, is not stated. No such defense was set up in the pleading. Whether it ought to have been, to he available, *622 we need not now inquire. "We may remark, however, that in Haigh v. Kaye, L. R., 7 Chan. App. 473, it was decided that such matter ought to he pleaded.
2. It appears from the pleadings that Leaman owned the premises in question up to the time of his deed of August 7, 1867. George Bochman and wife claim that by that deed the premises were conveyed to her. Mathews claims solely through the conveyance from Bochman and wife. The averments of the cross-petition are that the deed from Leaman was not made or delivered to the wife of George Bochman, but to the wife of the plaintiff, Anna K. Mathews, then known as Anna K. Bochman. Mrs. Mathews, in her separate answer, which was sworn to by her, denies the averment in the cross-petition, that the deed was made and delivered to her. The first defense in the answer of Mathews leaves it somewhat doubtful whether he means to deny the fact of the making of the deed to his wife, or whether he merely intends to deny that it was made without consideration and in trust. But as he claims the property under a conveyance from Bochman and wife, and sets up no other right or claim, it is fair to infer that he means, like his wife, to deny the fact of a conveyance to her.
The -court found, upon the testimony, which must be presumed to have warranted the finding, that the property was not conveyed to the wife of Bochman; consequently the plaintiff could acquire no title by the deed from them. The grantee in the deed of Leaman was found by the court to be the wife of the plaintiff. She, in her answer, denied not only the alleged trust, but the fact that the property had been conveyed to her.
It is.contended that the court erred in allowing the facts alleged in the cross-petition to be established by parol evidence; and the statute of frauds is relied on as a bax; to the introduction of such evidence.
The circumstances of the case are peculiar. There can be no objection to the competency of parol evidence to show that Mrs. Bochman was not the grantee in the Lea-man deed. This fact the court found to be proved. Now, *623 the real grantee in the deed, Mrs. Mathews, set up no claim under it. The court found the fact to be that the property was conveyed to her, but that the deed was without consideration, and, although apparently an absolute deed, that it was understood to be, and was, in fact, in trust solely to secure the property for the defendant, and was to be reconveyed to him on demand.
If these facts are capable of being proved by parol evidence, there is no ground for disturbing the decree.
Our .statute of frauds omits the seventh, eighth, and ninth sections in relation to trusts contained in the English statute. "We do not deem it necessary now to consider the effect of such omission. The fourth section of our statute is taken from the third section of the English statute, and in terms ha3 reference to the assigning or granting of legal interests. The fifth section of our statute corresponds with the fourth section of the English statute, and prohibits the bringing of actions in the cases specified.
Although equitable rights and suits in equity are not named, courts of equity, equally with courts of law, are bound by the statute, in so far as it is applicable to the peculiar jurisdiction exercised by those courts.
Eraud, and the absence of any other adequate remedy, is one of the principal grounds of equity jurisdiction; and the doctrines of courts of equity in regard to trusts, grow largely out of fraud, express or implied.
It is said “ fraud in equity is an exception to every rule.” And the principle has often been announced by courts of equity, that the statute of frauds was not made to cover fraud.
In the present case, the trust does not arise on the mere agreement, but on the conveyance of the property, for which the trust assumed was the sole consideration.
The trust is not raised so much because of the fraud in the original acquisition of the property as in the subsequent refusal to execute the trust. Page v. Page, 8 N. H. 194; Tif. & B. Tr. 189. As said by Bell, J., in Morey v. Herrick, *624 18 Penn. St. 128, “the attempted denial of the confidence is such a fraud as will operate to. convert the purchaser into a trustee ex maleficio.”
The case may be brought within the third class of cases, as defined by Lord Hardwicke, in which the court had declared resulting trusts, namely, “cases of fraud, and where the transactions have been carried on mala fide.” Loyd v. Spellet, 2 Atk. 150.
The transaction may not be such as would sustain an action for deceit. But equity deals more liberally than courts of law in matters of fraud, and regards the transaction as incomplete while the trust remains unexecuted.
It is upon this principle that courts of equity, on parol evidence, establish an equity of redemption against an absolute deed; or declare a trust in property devised against the devisee; or, as in Crocker v. Higgins, 7 Conn. 342, require the grantee of an absolute deed in fee, to execute to a third person a lease for life in the premises conveyed, although the agreement for the lease was made exclusively between the grantor and grantee, in part consideration of the deed.
Our present holding is in accordance with the former decisions of this court, in so far as it has been found necessary to consider the question. Fleming v. Donahue, 5 Ohio, 256, which arose before the enactment of our statute of frauds; Woods v. Dille, 11 Ohio, 456; Loring v. Melendy, Ib. 355; Miller v. Stokely, 5 Ohio St. 194; Stall v. Cincinnati, 16 Ohio St. 169.
No question arises in this case as to the sufficiency of the evidence. If the evidence was competent, it must be presumed to have been sufficient. In Miller v. Stokely, supra, the rule as to the amount of evidence required in such cases, is thus laid dowu: “To establish an express trust, in the case of a conveyance, by deed absolute on its face, it is requisite that the evidence should be clear, certain, and conclusive in proof, not only of the existence of the trust, and that, too, at the time of the conveyance, but also as to its terms and conditions.” The same rule was applied in *625 Stall v. Cincinnati, supra. In both cases, the proof was; held to be insufficient.
Judgment affirmed. .
Day, C. J., McIlvaine, Welch, and Rex, JJ., concurring.