Davis, J.
The plaintiffs in error, who are the brothers and sisters and the legal representatives of deceased brothers and sisters of William D. Johnson, deceased, filed a petition in the court of common pleas, for partition of twelve parcels of land belonging to Hannah M. Johnson, deceased, the widow of William D. Johnson, and alleged “that on or about the third day of June, 1875, William D. Johnson died without issue and intestate as to all the real estate in this petition described, of which he died seized, and left surviving him, his wife, Hannah M. Johnson, who as his relict and heir at law acquired title to a part of the real estate hereinbefore described, and to a large amount of personal property. Plaintiffs further say that on or about the twenty-fifth day of May, A. D., 1897, said Hannah M. Johnson, relict of said William D. Johnson, died intestate and without issue, possessed of the real estate acquired by her as relict of the said. William D. Johnson, said real estate of which said William D. Johnson died seized consisting of the first three tracts as described and designated herein, and also possessed of the real estate which she purchased and paid for out of the personal property which, came to her as the relict of the said William D. Johnson, and being the balance of the real estate described, to-wit, the last nine tracts as designated herein.
“There are no children, or their legal representatives living, of the said William D. Johnson and Hannah M. Johnson, they, the said William D. Johnson *3 and Hannah M. Johnson, having both died intestate and without issue as aforesaid.”
To this petition for partition the defendants in error, who are the heirs at law of Hannah M. Johnson, filed an answer and cross-petition, from which it appears that three of these tracts of land came to Hannah M. Johnson by descent, from William D. Johnson, under section 4159, Revised Statutes of Ohio, and under and by virtue of section 4162 of the Revised Statutes of Ohio, descended one-half to the heirs of Hannah M. Johnson and one-half to the heirs of William D. Johnson, from whom said real estate came; and it is alleged that the other nine tracts of land described in the petition came to Hannah M. Johnson, and she acquired title thereto by purchase, and not by descent, devise, or deed of gift. The defendants, therefore, claim the whole of the said nine tracts. Several answers to this cross-petition were filed in which it was alleged that Hannah M. Johnson had inherited from William D. Johnson more than $125,000; that she had repeatedly expressed the desire that in the event of the distribution of said property, in whatever form it was invested, the same should be divided one-half among the brothers and sisters or the legal representatives, of William D. Johnson, and one-half among the brothers and sisters or their legal representatives, of Hannah M. Johnson; that whatever interest said Hannah M. Johnson had in said nine tracts of land in dispute, was treated by her as consisting as a part of the fund which had descended to her from William D. Johnson which, whenever distributed, was to be divided in the manner aforesaid; that during her widowhood Hannah M. Johnson made a partial distribution of the property which so descended to her, according to *4 lier said plan and desire; that several of the said nine tracts were not purchased for investment, but that the said Hannah M. Johnson, to save loss in foreclosure proceedings, had accepted deeds from the sheriff, and that the said real estate, when "so taken for debts, was still held, considered and treated by her as part of the fund which descended to her from her husband, and upon distribution to be divided as aforesaid; and that after the death of said William D. Johnson, the said Hannah M. Johnson received legal advice which she believed, and upon which she relied that all of the property descending to her, if held, treated and invested by her as aforesaid, would in the event of her dying intestate, under the law of Ohio, be divided in the manner she desired, viz: one-half to the brothers and sisters, or their legal representatives, of William D. Johnson, deceased, and one-half to the brothers and sisters, or their legal representatives, of Hannah M. Johnson, deceased.
The final judgment of the court of common pleas was that the defendants in error, as the legal representatives of the deceased brothers and sisters of Hannah M. Johnson, took all of the said nine tracts of land by descent, at her death, under the third clause of section 4159 of the Revised Statutes. The circuit court having affirmed that judgment of the court of common pleas, the plaintiffs in error now seek to reverse the judgments of the court of common pleas and the circuit court.
It is so well settled in this state that the descent of real property is controlled by the legal title, that it would not be profitable to continue the discussion here. Brower v. Hunt, 18 Ohio St., 311; Stembel v. Martin, 50 Ohio St., 495; Higgins v. Higgins, 57 Ohio St., 239; Ellis v. Ellis, 3 C. C. Rep., 186. Hannah M. *5 Johnson acquired the nine tracts of land now in controversy by purchase and not by descent, devise or deed of gift. The land Avas not property “which came to such intestate from any former deceased husband,” Revised Statutes, Sec. 4162; but it Avas purchased by the intestate Avith money Avhich Avas hers to consume, squander, invest, give aAvay or bequeath, as she might choose. The personal property Avhich she acquired from her deceased husband’s estate became hers in absolute right. None of the parties to' this action could have any claim to it except by some act of hers, or upon her death. If she chose to convert it into real estate, none could gainsay her. The deeds Avhich she obtained Avere not deeds of gift from.William D. Johnson, but were deeds of purchase from the several grantors; and.they are conclusively such. Patterson v. Lamson, 45 Ohio St., 77.
If Mrs. Johnson engrafted upon her absolute estate an express trust in favor of the collateral heirs of herself and her deceased husband, as the law stands in this state, that might be shoAvn by parol evidence; but the evidence must be beyond reasonable doubt as to the existence of the trust, and must be clear, certain and conclusive as to its terms and conditions. Miller v. Stokely, 5 Ohio St., 194; Stall v. Cincinnati, 16 Ohio St., 169. Nevertheless the declaration of the trust must be contemporaneous with the deed. As Avas said by Dickman, J.: “It is proper that the parol declarations Avhereby it is created should be contemporaneous Avith the conveyance upon which the trust is to be engrafted. If subsequent and not contemporaneous, the door might be open to constant frauds upon the right of property. When the conveyance is absolute on its face, it Avould be unsafe and contrary to the rules of evidence, to permit a third per *6 son, — a stranger to the instrument — to use the parol admissions or declarations of the grantor, made long after the conveyance, for the purpose of divesting the grantee of his rights by fastening a trust or incumbrance on the estate.” Harvey v. Gardner, 41 Ohio St., 647, 648.
These settled principles of the law enable us to say with a degree of positive assurance that not only was Hannah M. Johnson the owner of the land in controversy, by purchase, but also that she did not engraft upon her title a trust that the land should descend at her death,- one-half to the brothers and sisters, and. their legal representatives, of William D. Johnson, and one-half to the brothers and sisters and their legal representatives of Hannah M. Johnson. There is in the record an utter absence of any allegation or proof of any act or declaration by Mrs. Johnson, contemporaneous with the deeds, clearly and unqualifiedly creating such a trust and defining its terms and conditions. The allegations that she at some time indicated a desire that such should be the course of descent, and that she went so far as to consult counsel who advised her that the law would so distribute the property, and that she had treated the land as a part of the fund which had descended to her from her deceased husband, are of no significance. Acting on such mistaken advice she did nothing, by way of conveyance or will, to carry out her wish, and so her intention, if she had such intention, failed of fruition.
The judgments of the circuit court and of the court of common pleas are therefore.

Affirmed.

Shauck, C. J.; Minshall, Williams, Burket and Spear, JJ., concur.