(Superior Court of Cincinnati.)
Special Term, 1901.

## JACOB KRAIG v. EMMA S. HUGHES ET AL.

---

*Purchase of land—Resulting trust—*

(1.) When land is purchased with money in possession of one person, but the deed is taken in the name of another, the presumption arises that the former is the owner of the money and the burden is on the latter, in an action to have such land conveyed to the beneficial owner, to rebut this presumption and unless such burden can be sustained a resulting trust in favor of plaintiff must follow.

*Acquiescing in mortgage—Estoppel—*

(2.) Where the beneficial owner of property, the title to which is in the name of another, acquiesces in the execution of a mortgage thereon by the person holding the title, he is estopped by such acquiescence from any claim against the mortgagee notwithstanding that he advised the mortgagee that he was the owner of the property before the mortgage was taken.

---

JACKSON, J.

Plaintiff claims to be the beneficial owner of certain real estate described in the petition, by reason of the fact, which he alleges, that the property in question was purchased with his money, and title to said property taken in the name of Emma S. Hughes. He therefore seeks to enjoin defendants from interfering with his quiet enjoyment of the property, and also to require defendants Emma S. Hughes and Sandford C. Hughes, her husband, to convey the property to him by a good and sufficient deed in fee simple.

Plaintiff further claims that the Cabinet Loan & Building Company loaned to defendant Emma S. Hughes the sum of $745, secured by a mortgage on said porperty; that there remains due and unpaid on said mortgage the

sum of $255, and that said Cabinet Loan & Building Company loaned the money and took the mortgage on the property after being duly advised by plaintiff that he, and not Emma S. Hughes, was the real owner of the property. Plaintiff therefore prays that said loan and building company be ordered to deliver up and cancel said mortgage to the extent of $255.

The evidence shows that the property was purchased from the Continental Building Association on or about October 24, 1895, for the sum of $2,200, and that $700 was paid thereon, the building association taking a mortgage to secure the balance. The sum of $700 was paid by check drawn by plaintiff, the check being paid out of moneys deposited in bank in the name and to the credit of plaintiff. Defendants claim that plaintiff drew this check payable to the order of Sandford C. Hughes and that said Hughes endorsed the check and delivered the same to the building association. The check is missing, but I am satisfied that plaintiff drew the check payable to the building association. Defendants also claim that, although the money that went to pay for the property was checked out by plaintiff from moneys on deposit in bank to plaintiff's credit, nevertheless all moneys deposited in bank by plaintiff belonged to defendants Emma S. and Sandford C. Hughes. Defendants claim that they gave plaintiff different sums of money from time to time, requesting plaintiff to keep the same on deposit in his name, and that it was understood when the property was purchased that it was being paid for with defendants' money and that Emma S. Hughes was the real owner thereof.

Plaintiff claims that all the money in bank to his credit, and the money that went to buy this property belonged to him individually, and he denies that any part of it was given to him by or belonged to defendants; and he claims that Emma S. Hughes took title to the property merely as trustee for him. He therefore claims to be the owner of the property by virtue of a resulting or implied trust.

The law is well settled in this state, as laid down in *Miller* v. *Stokely*, 5 Ohio St., 194, that "to establish an express trust in the case of a conveyance by deed absolute on its face, it is requisite that the evidence should be *clear, certain* and *conclusive*, in proof not only of the existence of the trust, and that, too, at the time of the conveyance, but also as to its *terms* and *conditions*."

But it must be remembered that the claim is here made of an *implied* or *resulting* trust, and not of an express trust; the resulting trust arising from the fact, as plaintiff claims, that

the property was purchased with his money; and it being admitted that the money in question was in the possession of plaintiff, or, what amounts to the same, that it was deposited in bank by him and in his name, we think that this fact must raise a presumption of ownership of the money in favor of plaintiff, and that the burden is on the defendants to rebut this presumption. Unless defendants can sustain this burden, a resulting trust must follow in favor of the plaintiff upon the well settled rule of law where the property was purchased with his money.

Viewed from this standpoint, I am satisfied that defendants have failed to sustain this burden. It is unnecessary for me to review the evidence at length. Defendants at no time took any receipts for the money claimed to have been given by them to plaintiff, and the evidence in this respect is of a vague, indefinite and unsatisfactory nature. The defendant, Sandford C. Hughes, is not able to recall places, dates or amounts of payment or loans made by him to plaintiff. No sufficient reason was made to appear why Hughes should give his money, as he earned it, to plaintiff without receipts or notes therefor, instead of keeping it himself or depositing in bank in his own name. The presumption in favor of the ownership of money arising from the possession thereof cannot be upset upon such slender evidence. On the other hand plaintiff paid regularly the interest on the mortgage to the building association.

I find from the evidence that the money belonged to plaintiff, and that he is therefore the beneficial owner of the property, and a decree may be taken accordingly.

As to plaintiff's claim against the Cabinet Loan & Building Company the evidence shows that although he advised the company that he was the owner of the property before it made the mortgage, nevertheless he acquiesced in the transfer of the loan from the Continental Building Association to it. Plaintiff is, therefore, estopped by his acquiescence to make any claim against the Cabinet Loan & Building Company.

Judgment may be taken accordingly.

*Peck, Shaffer & Peck,* for Plaintiff.

*Shay & Cogan,* for Emma S. and Sandford C. Hughes.

*Gray & Tischbein,* for Building Association, cited:

*Smiley* v. *Wright,* 2 Ohio, 506; *Storrs* v. *Barker,* 6 Johns. Ch., 166.