## THE INGRAFTING OF AN EXPRESS TRUST UPON A DEED ABSOLUTE.

BOUGHMAN ET AL v. BOUGHMAN ET AL.

69 Ohio State—Decided, December 8, 1903.

*Deed of Trust in Lands—Equity Requires that Terms of Trust and Beneficiaries be Clearly Designated—By Parol Evidence, When.*

Equity requires that parol evidence to ingraft an express trust in lands upon a deed absolute shall clearly and convincingly show that contemporaneously with the execution of the deed the terms of the trust were declared and the beneficiaries designated.

Error to the Circuit Court of Stark County.

The defendants in error brought suit in the court of common pleas to establish a trust in certain described lands which had been conveyed to Malcolm Boughman by a deed absolute. In their petition they alleged that Edward Boughman, by a last will and testament, had devised to Elizabeth, his widow, a life estate in his interest in said lands, and the remainder to Bertha May Boughman, who is an only child. The allegations of their petition with respect to the trust in favor of Edward, which they sought to charge upon the land, are as follows:

"That on the ————— day of February, 1893, said decedent, Edward Boughman, together with the defendant, Malcolm Boughman, and one Marquis L. Boughman, purchased from one Christian J. Harrold, as administrator of the estate of Wesley Harrold, deceased, the following described premises, situated in the township of Sugar Creek, Stark county,

and state of Ohio, and described as follows: Being the southeast quarter of section number five, township number eleven and range number ten, containing 160 acres, more or less.

"That by agreement between said Edward Boughman, Malcolm Boughman and Marquis Boughman, they being brothers, the title to said premises and the deed therefor was executed and delivered to the defendant, Malcolm Boughman, to hold in trust for the said Edward Boughman, Malcolm Boughman and Marquis L. Boughman. That the said Edward Boughman and the defendant, Malcolm Boughman, own the south half of the above described premises, and the said Marquis L. Boughman the north half thereof. That Edward Boughman in his lifetime paid his part of the purchase money therefor, and ever since the purchase thereof was the owner of the undivided one-half of the south half of said premises, and that the defendant, Malcolm Boughman, held the title thereto as trustee for the said Edward Boughman. That Edward Boughman died on or about March 29, 1900, leaving the plaintiffs his only heirs, who are the owners of said south half of said premises as aforesaid.

"That said Malcolm Boughman, in accordance with said agreement as such trustee, has, since the execution of said deed as aforesaid, conveyed to said Marquis L. Boughman the north half of said premises, less ten acres theretofore sold out of the north half by said Marquis L. Boughman. That ever since the purchasing of said premises, and from that time during the entire lifetime of Edward Boughman, he, the said Edward Boughman, received his share of the rents and profits of said south half of said premises, and he paid his one-half of the repairs, taxes and improvements thereon."

The answer of Malcolm denies all the allegations of the petition with respect to a trust in favor of Edward. In the court of common pleas the cause was tried upon these issues, and a judgment was rendered in favor of Malcolm. On appeal the cause was tried *de novo* in the circuit court, and a decree was entered, charging the lands with a trust according to the allegations and prayer of the petition. In the latter court the facts were separately found, the material findings being:

"Third. That on or about February 15, A. D. 1893, the said defendant, Malcolm Boughman, the said decedent, Edward Boughman, and one Marquis L. Boughman, who were brothers, entered into a contract and agreement with each other for the purchase together of the lands described in the plaintiffs' petition, and that the title to said premises was to be taken by said defendant, Malcolm Boughman, in trust for

himself, the said Edward Boughman and Marquis L. Bough-
man; that in pursuance of said agreement the said Malcolm
Boughman, Edward Boughman and Marquis L. Boughman did
purchase the lands set forth and described in the petition; and
in pursuance of their said agreement the deed for said prem-
ises was executed to the said Malcolm Boughman.  That said
deed was absolute upon its face, but that the same was taken
by the said Malcolm Boughman in pursuance of said agree-
ment between said brothers, to be held by the said Malcolm
Boughman in trust for the benefit and use of himself, the said
Edward Boughman and the said Marquis L. Boughman, and
that the said Malcolm Boughman, Edward Boughman and
Marquis L. Boughman in the following manner, to-wit:
the purchase price of said premises.

"Fourth.  That the said Malcolm Boughman accepted said
deed absolute on its face for and on behalf of himself, Ed-
ward Boughman and the said Marquis L. Boughman, but in
trust and for the use and benefit of himself, Edward Bough-
man and Marquis L. Boughman.

"Fifth.  That after the purchase of the said real estate as
hereinbefore set forth, the said defendant, Malcolm Boughman,
Edward Boughman and Marquis L. Boughman agreed with
each other upon a division of the said lands so purchased by
them, the deed to which was held by the said Malcolm Bough-
man in trust for himself and the said Edward Boughman and
Marquis L. Boughman in the following manner, to-wit:

"1. That the said Marquis L. Boughman was to have the
north half of said premises.

"2. The said defendant, Malcolm Boughman and the said
decedent, Edward Boughman, were to have the south half of
said premises, each to own the undivided one-half thereof as
tenants in common.

"Sixth.  That in pursuance of said agreement for the divi-
sion of said premises between the said Marquis L. Boughman
and the said Edward Boughman and Malcolm Boughman, the
said line of division was ascertained and fixed by a survey,
and the said defendant, Malcolm Boughman, in pursuance of
said agreement, and with the consent and agreement of all the
said parties interested, made, executed and delivered to said
Marquis L. Boughman, his said wife joining him in said deed
of conveyance, a deed conveying to him, the said Marquis L.
Boughman, all of said north half of said premises, excepting
that which had been sold to other parties by him before the
execution and delivery of said deed.

"Seventh.  That before the execution and delivery of said
deed, and after said division of said premises had been agreed
upon as aforesaid, said Marquis L. Boughman sold two tracts
of said land included in the premises purchased by them as

aforesaid, and received the entire consideration therefor, one containing ten (10) acres, more or less, and the other containing two (2) acres, more or less; and that in pursuance of said sales by the said Marquis L. Boughman, and upon his request and demand, the said Malcolm Boughman, in pursuance of said agreement of said division of said premises, executed to the purchasers of said tracts, deeds for such parts of said north half as were sold by the said Marquis L. Boughman.

"Eighth. That the said defendant, Malcolm Boughman, entered into the possession of the said south half of said premises in his own right as the owner of the one-half thereof, in common with the said Edward Boughman, and as the tenant of the said Edward Boughman, who was the owner of the other said undivided one-half of said south half of said premises, and from that time until the death of the said Edward Boughman the said defendant, Malcolm Boughman, accounted for and delivered to the said Edward Boughman the full one-half of the rents, profits and products of the said south half of said premises.

"Ninth. That the said Edward Boughman, the deceased, during his lifetime, paid for the one-half of all the repairs, taxes and improvements of every kind and character which were put upon said south half of said premises.

"Tenth. That the said Edward Bougman died on March 29, 1900, and that his last will and testament was duly admitted to probate in the Probate Court of Stark County, Ohio.

"Eleventh. That since the death of the said Edward Boughman the said Malcolm Boughman has failed and refused to account to the legal representatives of the said Edward Boughman, deceased, or to his heirs or devisees, for the rents, profits and products of said undivided one-half of said south half of said premises, and since the death of the said Edward Boughman, the said defendant, Malcolm Boughman, has denied said trust, and has refused to convey, upon demand having been duly made, the undivided one-half of said premises which belonged to the said Edward Boughman in his lifetime, and which now belongs to his said widow, Elizabeth Boughman, and his said daughter, Bertha May Boughman, and has denied that the said Edward Boughman, in his lifetime, or his heirs, widow or devisees, have any interest in said premises whatever. And as conclusions of law, the court find as follows:

"First. Said deed so executed and delivered to the said Malcolm Boughman absolute on its face, for the premises set forth and described in the plaintiff's petition, was and is a trust deed and is held by the said Malcolm Boughman in trust for the use and benefit of the said defendant, Malcolm Boughman, Edward Boughman and Marquis L. Boughman.

"Second. That said amicable partition between said Marquis L. Boughman, on the one part, and said Edward Boughman and Malcolm Boughman on the other part, as tenants in common in said premises, divested the said Marquis L. Boughman of all the interest of every kind and character which he had in the said south half of said premises described in the petition, and divested said Edward Boughman and Malcolm Boughman of all the interest of every kind and character which they had in the north half of said premises.

"Third. That the said defendant, Malcolm Boughman, and Edward Boughman, during the lifetime of the said Edward Boughman, after said partition of said premises, were tenants in common in said south half of said premises, each owning the undivided one-half thereof."

The controversy here is with respect to the sufficiency of the evidence upon which these findings were made in the circuit court. Sufficient statement of the evidence will be found in the opinion.

*D. W. Shetler, Crane & Snyder* and *M. L. Smyser*, for plaintiffs in error.

*Welly & Albaugh,* for defendants in error.

SHAUCK, J.; BURKET, C. J., SPEAR, DAVIS, PRICE and CREW, JJ., concur.

It has long been established in this state, and counsel for the plaintiffs in error concede, that a parol trust may be ingrafted upon a deed absolute. But wherever this doctrine prevails it is required that the parol evidence by which it is sought to establish the trust must be clear and convincing. This is conformable to the general rule of equity that it will not, by any form of decree, upon mere suspicion or conjecture, abate the legal conclusiveness of a written instrument. Not only does the doctrine which plaintiffs below invoked make this requirement as to the probative character of the evidence to be by them produced, but it dispenses with none of the elements of a valid trust. To the creation of an express trust in lands in any mode it is indispensable that contemporaneously with the execution of the deed the beneficiary be designated and the terms and conditions of the trust declared. These doctrines are elementary, and they have been frequently explained and applied by this court. *Fleming* v. *Donahoe,* 5

Ohio, 255; *Miller* v. *Stokely*, 5 Ohio St., 194; *Stall* v. *Cincinnati*, 16 Ohio St., 169; *Russell et al* v. *Bruer et al*, 64 Ohio St., 1. In order that we may determine whether the judgment of the circuit court is in conformity with these views, it is necessary to analyze, though not to state at length, the evidence which was presented for its consideration. It was admitted that the property was purchased about the time alleged in the petition, and a deed absolute executed by the vendor to Malcolm; that the cash payment was made by Malcolm, his mother and his brother Marquis; and that a mortgage for the unpaid balance was executed by Malcolm. It was both admitted, and overwhelmingly proved, that Malcolm afterward conveyed to Marquis a portion of the land in recognition of an obligation arising out of the circumstances of its purchase and the payment therefor, and that until he died Edward had received a portion of the proceeds of the land and had contributed to the payment of taxes and making of repairs, and had delivered to the holder of the mortgage given on the purchase some small sums of money toward its discharge, including the ultimate payment. Numerous witnesses testified to admissions by Malcolm, some of them being distinct as to Edward's interest in the proceeds of the land, and some of them vague as to his interest in the land itself. But of the numerous persons who were present when the purchase of the land was arranged for, none was called by the plaintiffs below. There was no evidence tending to show that Edward had contributed to the payment of the purchase money except by delivering the concluding payments upon the mortgage. In short, the evidence offered in support of the claim of the plaintiffs below left an express trust to mere conjecture. It wholly failed to show a resulting trust, for it did not tend to show any payment by Edward of purchase money at the time of the transaction, nor the assumption by him of any obligation with respect thereto.

The several persons who were present when the purchase was agreed upon were called by the defendants. Their testimony clearly established the purchase by Malcolm, his mother and his brother Marquis, the payment by them of the entire purchase price, and that the money which Edward had delivered to the holder of the mortgage was furnished by the mother,

and delivered by him as her messenger.  After the purchase the mother had consented that Edward should have her share of the proceeds of the land, and with her consent he continued to receive them while he lived.  In view of this fact the testimony with respect to the admission of Malcolm, which occupied so much of the time of the trial court and exercised so much influence upon its decision, loses its significance, for it is quite immaterial whether Malcolm misunderstood the arrangement between his mother and Edward, or the witnesses misunderstood the import of Malcolm's alleged admissions.

It is urged by counsel for defendants in error that, it being admitted that Malcolm held an undivided two-thirds of the land in trust, only a preponderance of the evidence was required to establish the right of Edward as a beneficiary; and that this requirement was met by the evidence offered upon the trial, or, at least, that it can not be said here that it was not.  Obviously this position ignores both the rule and the evidence.  There can be no express trust without the contemporaneous designation of the beneficiary, that is, of the person who claims as beneficiary.  Nor could there be the claimed preponderance of the evidence since all the clear and convincing evidence with respect to the contemporaneous arrangement, the designation of the beneficiaries and the declaration of the terms of the trust, showed affirmatively that Edward. was not a beneficiary.

It seems clear that the circuit court did not properly apply the rules which govern in cases of this character.

*Judgment reversed and judgment for plaintiffs in error.*