## No. 623

### PARDEE, Trustee, v. ZALKIN

Ohio Appeals, Seventh District, Mahoning County

Decided March 9, 1923

This opinion has not been published except in Abstract.

FRAUDULENT CONVEYANCE—To declare trust and to set aside fraudulent conveyance.

POLLOCK, J.

#### Epitomized Opinion

Pardee was trustee in bankruptcy of Rose Rome. The latter's husband was engaged in mercantile business and died in 1916 and Rose elected to take the personal property. She continued in the business until she was adjudged bankrupt in 1920. The petition alleged that the real estate in question was purchased by her; that title was taken in the name of her sister, Mary Zalkin, as trustee for her; that the assets in the hands of Pardee as trustee are not sufficient to pay the debts of Rose's estate in bankruptcy; that Mary Zalkin did not hold this property in trust for her that Rome and Zalkin conspired and caused the title to be conveyed to Zalkin in contemplation of insolvency and to place it beyond the reach of creditors. It prayed that the property be conveyed to Pardee to pay the debts of the bankrupt. Evidence disclosed that Zalkin came from Russia when a young girl, lived with her sister, Rose, and husband and worked in the store until the bankruptcy. At a hearing before the referee, she testified that she brought $3,000 with her to this country and paid for the property with this money. At the trial both Zalkin and Rome admitted that the property was bought with money received from an insurance policy on the life of Louis Rome, and Mary also testified that her attorney advised her to testify as she did before the referee. Her attorney, however, denied this. Other witnesses testified that Mrs. Rome had admitted property was bought with insurance money but that title was taken in Mary's name because she had turned over to Louis Rome rubles worth $3,000 and the Romes owed her money for working for them in the store. There was no evidence that the bankruptcy creditors were also creditors at the time this real estate was purchased and that Mrs. Rome was insolvent at this time. The Court of Appeals, in affirming the judgment for defendant on appeal, held:

1. To establish an express trust the evidence must be clear, certain and convincing not only of the trust but of its terms and conditions, 5 OS. 194, 41 OS. 542. The trust must appear affirmatively and conclusively removing all doubts. This the testimony fails to establish.

## OHIO COURT OF APPEALS--Continued

2. As the evidence does not show that the bankrupcy creditors were creditors at the time real estate was purchased, that Rose Rome was insolvent at this time, or that any money was used from the business to buy property, this purchase cannot be deemed to have been made in view of insolvency and to defraud creditors. 30 OS. 11, 89 OS. 172.

Dicta: Where one purchases real estate and pays for it but causes the deed to be made to another, the presumption is that the party holding the title, holds it in trust for the person purchasing the property, but this principle does not prevail between relatives.

Attorneys—Not given.