**WEST VIRGINIA OIL & GAS CO., Inc.**

v.

**GEORGE E. BREECE LUMBER CO., Inc. et al.**

**No. 14960.**

United States Court of Appeals Fifth Circuit.

June 4, 1954.

George M. Snellings, Jr., James H. Trousdale, Jr., Henry Bernstein, Jr., and F. G. Hudson, Jr., Monroe, La., for appellant.

A. B. Freyer, Sam A. Freyer, Shreveport, La., for appellees.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

WRIGHT, District Judge.

Plaintiff, West Virginia Oil & Gas Co., Inc., a Louisiana corporation, filed a complaint in the United States District Court for the Western District of Louisiana by which it seeks to correct certain errors alleged to exist in a compromise agreement and a judgment based thereon entered by that court in 1945. The errors relate wholly to descriptions of real estate. The District Court sustained a motion to dismiss on the ground that indispensable parties are not before the court and could not be without ousting its jurisdiction.

From the allegations of the complaint which for the purpose of the motion to dismiss must be taken as true, it appears that in 1944 the defendants herein brought a complaint in the United States District Court for the Western District of Louisiana against the plaintiff herein, West Virginia Oil & Gas Company, Inc., seeking the cancellation of a mineral lease covering land situated mainly in Ouachita Parish, Louisiana. Thereafter, in order to settle the controversy, parties to that suit entered into a compromise agreement which was made part of the record, and, based thereon, the court rendered a judgment which terminated the litigation. The complaint further alleges that by mistake and contrary to the intention of the parties, the compromise agreement, in dividing the leasehold property between the parties, gave certain gas producing acreage under the lease to the defendants herein instead of to the plaintiff, and that this mistake was incorporated in the judgment. The complaint also alleges that the parties thereto since 1945, when the judgment was entered, have lived under the judgment and exercised rights under the judgment, not as adjudicated therein but as intended by the parties. It alleges further that the mistake was not disclosed to either of the parties herein until late

1951 or early 1952 when new drilling activity aroused new interest in the leasehold area. At that time, the defendants herein admitted that the plaintiff, West Virginia Oil & Gas Company, Inc., was morally entitled to have the mistake in the former judgment corrected but refused to join in a correction thereof, stating that "more than one year had elapsed since the rendition of the decree."

The defendants herein moved to dismiss on the ground that the judgment sought to be corrected and reformed was rendered at a term of the court since terminated, that the complaint fails to state a claim for the reason that the alleged errors in the compromise agreement and judgment are not legally sufficient to form a basis for correcting or reforming a judgment, and that indispensable parties, to whom interests in the property covered by the former decree have been since transferred by the defendants herein, are not joined in this action, and cannot be joined without ousting the jurisdiction of the court, for the reason that some of them are domiciled in Louisiana, the same state under whose laws the plaintiff corporation is chartered.

Both sides agree that the disposition of this case involves an interpretation of Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Plaintiff contends that the mistake in the former judgment was a clerical one and, under Rule 60(a), such mistake may be corrected by the court at any time. Defendants, on the other hand, argue that the mistake in the former decree was one of substance, therefore not clerical, and comes under the kind of mistake covered in Rule 60(b)(1) which cannot be corrected more than one year after the judgment was entered. The defendants say, further, that the plaintiff is foreclosed under Rule 60(b) from bringing an independent action to reform the judgment for the reason that an independent action to reform a judgment cannot be predicated upon the mistake of a party, and, in any event, since interests in the property in suit have been acquired by persons indispensable to this litigation whose presence herein would oust the jurisdiction of the court, plaintiff's action must fail.

■ This case presents a clash of two principles of judicial administration founded on sound public policy, namely, that litigation must finally and definitely terminate within a reasonable time and that justice must be done unto the parties. In Southern Pacific Railroad Co. v. United States, 168 U.S. 1, at page 48, 18 S.Ct. 18, at page 27, 42 L.Ed. 355, Mr. Justice Harlan wrote:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction * * * cannot be disputed in a subsequent suit between the same parties or their privies; * * *. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them."

On the other hand, the desire of courts to repair an injustice wrought by a judgment will overcome the necessity for finality where it is against conscience to execute that judgment and where that judgment was rendered without fault or neglect on the part of the party seeking to reform it. Marine Insurance Company of Alexandria v. Hodgson, 7 Cranch 332, 336, 11 U.S. 332, 336, 3 L.Ed. 362.

■ Before the advent of the Federal Rules and from time immemorial, a

judgment could not be corrected or reformed after the term of court had expired. In order to circumvent the rigor of this rule, courts of equity in their resourcefulness historically have recognized various types of writs and bills granting relief from judgments unconscionably obtained, including writs of coram nobis, coram vobis, audita querela, bills of review, bills in the nature of a bill of review, and the independent action in equity. As a result, the whole subject of ancillary remedies for relief from final judgments became "shrouded in ancient lore and mystery." In an effort to cut a path through this "ancient lore and mystery," the Federal Rules in Rule 60 set up a procedure for seeking relief from final judgments. Rule 60(a) provides that clerical mistakes may be corrected at any time by motion in the proceeding in which the judgment was rendered, and 60(b) [1] outlines six additional reasons for relief from a final judgment which may be obtained on motion in the same proceeding. With reference to the first three reasons, a time limit of one year is prescribed. However, it is provided further, that, "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding * * *, or to set aside a judgment for fraud upon the court." The rule then abolishes all the ancient writs.

 Applying Rule 60 to the case before us, it is clear at once, contrary to plaintiff's contention, that the error in the former judgment is not a clerical one. A clerical error is generally defined as an error made by a clerk in transcribing or otherwise. Marsh v. Nichols, Shepard and Company, 128 U.S. 605, 9 S.Ct. 168, 32 L.Ed. 538. We are not concerned here with mere error in transcription. A study of the allegations of plaintiff's complaint shows that substantial interest in gas producing property has allegedy been decreed to the wrong litigant. It shows further that the correction is asked, not because the judgment does not embody what the court intended and the record justified, but because it does not embody what the parties intended in making up the record. Such a mistake is one of substance which should not be corrected without a substantial showing of equitable right therefor. Hiawassee Lumber Co. v. United States, 4 Cir., 64 F.2d 417.

From a perusal of the six reasons under Rule 60(b) for relief from a final judgment, we find that the relief sought by the plaintiff herein comes under 60

1. Rule 60(b) reads:
"Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. As amended Dec. 27, 1946, and Dec. 29, 1948, effective Oct. 20, 1949."

(b)(1) relating to mistake, inadvertence, surprise, or excusable neglect. However, since Rule 60(b) further provides that such relief may be obtained no more than one year after the judgment complained of was rendered, plaintiff herein is precluded from proceeding under that part of the rule. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266; Wallace v. United States, 2 Cir., 142 F. 240. Plaintiff is relegated, therefore, to an independent action seeking relief from the judgment, and he cannot prevail in such action except on the principles which the courts have historically applied to the independent action in equity to reform a judgment. Notes of Advisory Committee on Amendment to Rules, 1946.

The jurisdiction of a court in an independent suit to reform a judgment on the ground of extrinsic fraud has never been questioned. United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93. Relief from intrinsic fraud has also been granted, although the Throckmorton case would indicate otherwise. Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870; see Publicker v. Shallcross, 3 Cir., 106 F.2d 949, 126 A.L.R. 386. The independent suit in equity, as a remedy for relief from mistake, however, has been shrouded with the same lore and mystery as the ancillary writs. Fortunately, in 1935 the Supreme Court decided the case of State of Wisconsin v. State of Michigan, 295 U.S. 455, 55 S.Ct. 786, 79 L.Ed. 1541, wherein a former judgment based on mutual mistake of the parties was corrected in a subsequent independent proceeding. There, as here, the parties consented to a decree dividing certain land between them. It developed that through mutual mistake of the parties the decree agreed upon and signed by the court was in error in that the dividing line therein contained was not the dividing line actually intended by the parties. The Supreme Court, without discussing the principles involved and simply citing the case of Thompson v. Maxwell, 95 U.S. 391, 397, 399, 24 L.Ed. 481, decided that the court had jurisdiction to correct the decree. Since Thompson v. Maxwell was a suit between private litigants to reform a judgment relating to land, it can be safely assumed that the Supreme Court's decision in State of Wisconsin v. State of Michigan should not be limited to cases of original jurisdiction in the Supreme Court.

In an excellent article entitled, "Federal Relief from Final Judgment," published in 55 Yale Law Journal 623, 655–659, Professor Moore and his associate carefully analyze the Supreme Court's decisions on this subject and conclude, as this court does, that a federal court, in an independent action, has jurisdiction to modify a final judgment in a former proceeding on the ground of mistake as well as fraud, at least where mutual mistake is shown and where the party seeking relief is without fault or negligence in the premises. The conclusion of Professor Moore in this regard is apparently adopted by the Advisory Committee on the Federal Rules for, in its note to the 1946 amendment of Rule 60, Professor Moore's article and the pages thereof specifically relating to this subject are cited with approval. See, also, 3 Barron & Holtzoff, Federal Practice and Procedure, Section 1331.

Thus we come to the final issue and the one on which the court below granted the motion to dismiss, that of indispensable parties. The former action, in which the judgment sought to be corrected was entered, was, of course, based on the diversity of citizenship for its federal jurisdiction. In the present action, diversity exists between the plaintiff and the defendants but the defendants contend that since interests in the property covered by the former decree have since been assigned to others by the defendants, some of whom are of the same domicile as the plaintiff herein, the District Court properly granted the motion to dismiss for the reason that such assignees are indispensable to this litigation and their joinder herein would oust the jurisdiction of the court. Calcote

v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413.

The Supreme Court in Pacific Railroad of Missouri v. Missouri Pacific Railway Company, 111 U.S. 505, 522, 4 S.Ct. 583, 592, 28 L.Ed. 498, when presented with this precise question, ruled as follows:

"On the question of jurisdiction the suit may be regarded as ancillary to the Ketchem suit, so that the relief asked may be granted by the court which made the decree in that suit, without regard to the citizenship of the present parties, though partaking so far of the nature of an original suit as to be subject to the rules in regard to the service of process which are laid down by Mr. Justice Miller in Pacific Railroad v. Missouri Pacific Railway Co., 3 F. 772, 1 McCrary 647. The bill, though an original bill in the chancery sense of the word, is a continuation of the former suit on the question of the jurisdiction of the circuit court."

The effect of this ruling is that the jurisdiction of the court which entered the former judgment cannot be ousted by subsequent changes in the ownership of the property decreed, and that such subsequent owners may be made parties to the litigation seeking to correct the former judgment provided they can be served within the territorial limits of service provided by the Federal Rules. Carey v. Houston and Texas Central Railway Co., 161 U.S. 115, 16 S.Ct. 537, 40 L.Ed. 638; Johnson v. Christian 125 U.S. 642, 8 S.Ct. 989, 31 L.Ed. 820; Minnesota Co. v. St. Paul Co., 2 Wall. 609, 633, 69 U.S. 609, 633, 17 L.Ed. 886; Dickey v. Turner, 6 Cir., 49 F.2d 998.

This is not to say that third parties who have acquired their interest in the property in suit in good faith and without knowledge of the alleged mistake in the former judgment can be prejudiced by this proceeding. A suit to reform a final judgment addresses itself to the equitable discretion of the court, and a court of equity should not, of course, disturb the ownership of property in persons who acquired the same in good faith and free from knowledge of alleged infirmity in the title thereof. This is to say, however, that a court of equity has the jurisdiction and the right in an independent proceeding to protect a litigant from the effects, so far as equitably possible, of a judgment entered by mutual mistake of the parties, where it is shown that the party seeking relief is free from fault or negligence. And the limitations of time for filing such independent action are those of laches or any relevant statute of limitations. Boone County v. Burlington & Missouri River Railroad Co., 139 U.S. 684, 11 S. Ct. 687, 35 L.Ed. 319. Notes of Advisory Committee on Amendment to Rules, 1946.

The judgment of the District Court is reversed and the case is remanded for further and not inconsistent proceedings.

Reversed.