432 F.2d 156
 Roy E. HALE, Ellis S. Hale and Roy J. Hale, Plaintiffs-Appellants,
v.
RALSTON PURINA COMPANY, Gold Bond Company, Tysons Foods, Inc., Tysons Feed, Inc., Tysons Poultry Growers, Inc., Tysons Poultry Company, Inc., Arkansas Valley Industries, Inc., and Scott County Feed Company, Corporations, Defendants-Appellees.
 No. 19935.
 United States Court of Appeals, Eighth Circuit.
 October 8, 1970.
 Rehearing Denied November 25, 1970.
 
 Ben L. Paddock, Fort Smith, Ark., for plaintiffs-appellants; Heartsill Ragon, Fort Smith, Ark., on the brief.
 Phillip Carroll, Little Rock, Ark., for defendants-appellees; Crouch, Blair, Cypert & Waters, Springdale, Ark., and J. A. Fraser, St. Louis, Mo., on the brief.
 Before MEHAFFY and BRIGHT, Circuit Judges, and HARPER, District Judge.
 BRIGHT, Circuit Judge.
 
 
 1
 The plaintiffs filed an anti-trust action in 1965 seeking treble damages for alleged violations of the Sherman and Clayton Acts, 15 U.S.C. §§ 1, 2, and 15, occurring in 1962. Later, however, acting upon the plaintiffs' request, the then presiding district judge ordered the action dismissed without prejudice on January 11, 1967. Plaintiffs, thereafter, commenced the present anti-trust suit in the same court based upon the same claims. When the defendants moved for a summary judgment of dismissal, pleading the four-year anti-trust statute of limitations, 15 U.S.C. § 15 (b), plaintiffs contended the statute was inapplicable to this suit or, alternatively, that the prior order of dismissal should be set aside under Fed.R. Civ.P. 60(b) as one entered by mistake. Chief Judge J. Smith Henley rejected plaintiffs' contentions and dismissed the cause with prejudice. Plaintiffs filed a timely appeal. For reasons stated below, we affirm.
 
 
 2
 As background to the instant case, we review briefly the events and proceedings culminating in the dismissal of the plaintiffs' first action. After filing the action in July of 1965, the plaintiffs requested several delays prior to the scheduled trial. Finally, on December 19, 1966, District Judge John E. Miller advised plaintiff E. S. Hale by letter, with copies to all counsel,[1] that the trial, then scheduled for February 8, 1967, could not be further delayed. Judge Miller informed the plaintiffs that their suit could not remain on the trial calendar after February 8, 1967, adding:
 
 
 3
 * * * unless you are ready for trial on that date, the court, in the absence of good cause, will enter an order dismissing the case without prejudice, which means that you could refile the case within one year from the date of the entry of such order.
 
 
 4
 Plaintiffs responded to this letter by authorizing Attorney Parker to request that the action be dismissed without prejudice. Judge Miller entered a dismissal order on January 11, 1967. Exactly one year later, plaintiffs instituted the present action. In opposing defendants' motions for summary dismissal, the plaintiffs produced affidavits establishing that at the time of the prior dismissal, they and Judge Miller believed, although erroneously, that the Arkansas savings statute, Ark. Stat.Ann. § 37-222 (1962), permitted plaintiffs to refile their claims within one year following dismissal of the first complaint.[2] Plaintiffs also urged the trial court to construe the complaint in the second action as an application for relief from the earlier dismissal pursuant to Rule 60(b), Fed.R.Civ.P. This rule provides:
 
 
 5
 Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. (Emphasis added.)
 
 
 6
 When the trial court, in a preliminary opinion, advised counsel for the parties that the anti-trust complaint in this case could not be construed as an application for 60(b) relief, the plaintiffs then moved to amend their complaint under Fed.R. Civ.P. 15(a). The proposed amended complaint specifically alleged that the dismissal of the initial action had occurred "under circumstances of mistake, inadvertence and excusable neglect" and asked that the prior order of dismissal be set aside. Judge Henley denied the plaintiffs' motion to amend.
 
 
 7
 On this appeal, in addition to asserting that the trial court erred in refusing to reinstate the initial complaint, appellants argue that the trial court erred in granting a summary judgment under Fed.R. Civ.P. 56 since a genuine issue of material fact existed as to whether the defendants had consented to the refiling of this lawsuit and thus became estopped to raise the statute of limitations defense.
 
 
 8
 Judge Henley, in denying plaintiffs relief from the bar of the statute of limitations, concluded that the complaint in the instant case "is not a suit for relief from any order made in the original case;" that plaintiffs could not reactivate the prior dismissed action by means of the proposed amendment to the complaint in the second suit and, in any event, plaintiffs had failed to request relief from the order of dismissal in the original case within the one-year period specified by Rule 60(b) to rectify a mistake.
 
 
 9
 At no time in either lawsuit have the plaintiffs filed a Rule 60(b) motion for relief. The complaint in this action, although filed one year after the dismissal, made no reference to Rule 60 (b) nor to the earlier dismissal of the prior suit and requested no relief from that dismissal. Plaintiffs apparently sought to alleviate this situation and circumvent the one-year limitation period of 60(b) by amending their complaint. They argue that the amended pleading alleging "mistake, inadvertence and excusable neglect" relates back to the date of the initial complaint in this action, one year from the order of dismissal, and therefore the amendment may be treated as a Rule 60(b) motion made within one year. We note initially that the plaintiffs' motion for leave to amend the complaint fell within the discretionary power of the trial court. Fed.R.Civ. P. 15(a). Failure to grant such a motion to amend is ordinarily not reversible error. See Freeman v. Continental Gin Company, 381 F.2d 459, 467 (5th Cir. 1967); Groninger v. Davison, 364 F.2d 638, 640 (8th Cir. 1966); Standard Title Insurance Co. v. Roberts, 349 F.2d 613, 622 (8th Cir. 1965). See generally 3 Moore, Federal Practice ¶15.08[4] (2d ed. 1968). Further, the amendment, if granted in this case, would not have "related back" to the original complaint to satisfy the "not more than one year" requirement of 60(b). An amendment to a pleading relates back only when the claim asserted therein arises "out of the conduct, transaction or occurrence set forth * * * in the original pleading. * * *" Fed.R.Civ.P. 15(c); Bufalino v. Michigan Bell Telephone Company, 404 F.2d 1023, 1028 (6th Cir. 1968), cert. denied, 394 U.S. 987, 89 S.Ct. 1468, 22 L. Ed.2d 763 (1969). See also Crowder v. Gordons Transports, Inc., 387 F.2d 413 (8th Cir. 1967). The substance of the plaintiffs' proposed amendment concerned the mistake attendant to the earlier dismissal. The initial complaint in this action, however, alleged defendants' antitrust violations, not mistake in the dismissal of the earlier lawsuit.
 
 
 10
 Assuming, arguendo, that plaintiffs' presentation to the trial court in response to the motions for a summary dismissal of the action constituted an application for 60(b) relief to set aside the earlier dismissal as having been entered by mistake, the trial court was not bound to grant that relief for two reasons. First, Rule 60(b) motions address themselves to the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969); Farmers Co-operative Elevator Association Non-Stock of Big Springs, Nebraska v. Strand, 382 F.2d 224, 232 (8th Cir.), cert. denied, 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967). Further, plaintiffs here failed to timely present their claim under the rigid one-year time restriction for correction of a judgment or order entered by mistake. Rinieri v. News Syndicate Co., 385 F.2d 818 (2d Cir. 1967); Boehm v. Office of Alien Property, 120 U.S.App.D.C. 100, 344 F.2d 194 (1965); Benton v. Vinson, Elkins, Weems & Searls, 255 F.2d 299 (2d Cir. 1958); Collins v. City of Wichita, Kansas, 254 F.2d 837 (10th Cir. 1958).
 
 
 11
 Plaintiffs also argue that 60(b) authorizes aggrieved persons to seek relief from a judgment or order entered by mistake or excusable neglect either through motion or an independent equitable action; and that courts have treated either type of proceeding substantively similar where justice so required. Here, however, the proposed amendment was an ineffective attempt to obtain equitable relief. Although the one-year limitation of Rule 60(b) will not necessarily bar relief from a judgment through an equitable action (In Re Casco Chemical, 335 F.2d 645 (5th Cir. 1964); West Virginia Oil & Gas Co. v. George E. Breece Lumber Co., 213 F.2d 702 (5th Cir. 1954)), a complaint lacking any allegation of substantive grounds necessary to invoke equitable subject matter jurisdiction such as fraud or mutual mistake shows no basis for relief. West Virginia Oil & Gas Co., supra, 213 F.2d 702, 706. See generally 7 Moore, Federal Practice ¶¶ 60.36, 60.37[1] (2d ed. 1966).
 
 
 12
 Finally, we turn to appellants' additional contention that a genuine fact issue existed in this action and thus the trial court improperly granted the motions for summary judgment. In reviewing the affidavits presented to the district court, we find no facts asserted by the plaintiffs which dispute statements of defendants' attorneys that none of them had consented to any refiling of the action after its first dismissal. The statement of Attorney Parker upon which appellants rely recites:
 
 
 13
 * * * on December 19, 1966, Judge John E. Miller by his letter of that date informed me and counsel for defendants that if the case could not be made ready for trial on February 8, 1967, the Court would enter an order dismissing the case without prejudice with the understanding that plaintiffs would be entitled to refile their cause of action within one year from the date of the entry of such order. I further discussed this matter with counsel for the defendants, and it was upon the understanding that the plaintiffs would have an additional one year in which to refile their action that on January 10, 1967, I wrote Judge Miller requesting that the action be dismissed without prejudice.
 
 
 14
 This affidavit recites no representation by opposing counsel consenting to additional time to institute a new action, but only a misunderstanding by the affiant then acting as plaintiffs' attorney.
 
 
 15
 While we concur in the trial court's expression of regret that plaintiffs non-suited their first action believing they might reinstate it within one year, plaintiffs' own delays throughout this litigation produced these adverse consequences. First, their delays in preparing the initial suit for trial necessitated the voluntary dismissal. Then, waiting the full year to refile their suit prevented an earlier discovery of their mistake and the statute of limitations defense. By this time, relief was unavailable under the time limitation of Rule 60(b).
 
 
 16
 In short, upon reviewing appellants' arguments, citations of authority, and the record of this case, we find no error by the trial court in dismissing this action.
 
 
 17
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Although plaintiffs were not represented by an attorney of record at this time, Attorney Wayland Parker had appeared at recent depositions on their behalf and did receive a copy of Judge Miller's letter. Plaintiffs' most recent attorney of record withdrew in early December, 1966; other counsel having withdrawn the previous May
 
 
 [2]
 Burnett v. New York Central Railroad Co., 380 U.S. 424, 433, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), rejects the concept that state savings statutes permitting a plaintiff to commence a new action within a specified period after a non-suit serve to extend federal statutory limitation periods. See also Bell v. Wabash Ry. Co., 58 F.2d 569, 572 (8th Cir. 1932)