Paul H. JONES and Pushmataha Plantation, Inc., Plaintiffs-Appellants,

v.

ANDERSON–TULLY COMPANY, Defendant-Appellee.

No. 83–4272
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1984.

Neblett, Bobo, Chapman & Heaton, Fincher G. Bobo, Wm. Cliff Heaton, Shelby, Miss., for plaintiffs-appellants.

Ward, Martin, Terry, Way & Parker, Edley H. Jones, III, Vicksburg, Miss., for defendant-appellee.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

Appellants Jones and Pushmataha Plantations, Inc., referred to collectively herein as "Jones," appeal the district court's determination that a Motion for Correction of Judgment, filed pursuant to Federal Rule of Civil Procedure 60(a) and pertaining to a judgment originally entered in April of 1977, involves substantive rights of the parties, and therefore is governed by Rule 60(b) and barred by the one-year statute of limitations contained therein. We affirm the district court.

In 1977 Jones and Anderson-Tully owned adjoining tracts of riparian land. The Mississippi River formed the southern boundary of the tracts. Anderson-Tully used its land for timber production, while Jones used his land for farming. In conformity with a survey made in 1928, Anderson-Tully marked the boundary between its timber land and Jones' farmland with a painted blue line. As the river caused accretions along the southern border, Anderson-Tully

extended its blue boundary line toward the river in line with the original survey.

In April of 1976 Jones filed a suit to quiet title in state chancery court. The complaint recognized that Anderson-Tully also claimed title to part of the land that formed the res of the suit. Anderson-Tully removed the case to federal district court, and defended affirmatively that it had adversely possessed part of the tract for the ten years required by the Mississippi statute of limitations before title vests.[1]

After reviewing all the evidence, in an oral opinion the district court concluded that Anderson-Tully indeed had continuously, exclusively, and openly possessed part of the tract for at least ten years. The court noted that one way in which Anderson-Tully exhibited such possession was to mark its boundary with blue paint, and with blazes and hacks on trees along the edge of the timber line abutting the Jones' farmland. The court gave a legal description in its order of what it thought was the painted boundary, and awarded title to all land west of that boundary to Anderson-Tully, and to all land east of the boundary to Jones.

Jones filed two Motions to Amend the Judgment, both of which the district court denied. Jones did not appeal.

In 1982, a new survey indicated that the legal description in the district court's 1977 order unintentionally may have given more than eighteen acres of Jones' farmland to Anderson-Tully. Pursuant to that discovery, Jones filed the Motion for Correction of Judgment that forms the basis of this appeal.[2] Jones alleged that the district court did not do what it intended to do when it described the legal boundary between the two properties. The district court meant to create a boundary that traced the blue paint line and the timber line, but actually, in its legal description,

gave Anderson-Tully land west of that line. Jones filed his motion pursuant to Federal Rule of Civil Procedure 60(a), which allows a court to correct clerical mistakes in its orders and judgments at any time.

The district court denied Jones' motion, considering the mistake to be more in the nature of inadvertence, excusable neglect, or newly discovered evidence, governed by Rule 60(b). Rule 60(b) contains a one-year statute of limitations not contained in Rule 60(a). Because Jones filed his motion more than one year after the court entered judgment in 1977, the district court denied the motion.

We agree with the district court that if any mistake occurred in the original order entered in 1977, it was a mistake governed by Rule 60(b) and not a clerical mistake governed by Rule 60(a). In *West Virginia Oil & Gas Co., Inc. v. George E. Breece Lumber Co., Inc.,* 213 F.2d 702 (5th Cir. 1954), this court addressed a situation similar in all material respects to the present case. In that case we held that a real estate description that awarded land to one party contrary to the intention of the litigants was not a clerical error, but is "one of substance" governed specifically by Rule 60(b)(1). *Id.* at 705–06.

 Although Rule 60(a) clerical mistakes need not be made by the clerk, they must be in the nature of recitation of amanuensis mistakes that a clerk might make. They are not errors of substantive judgment. *Trahan v. First National Bank of Ruston,* 720 F.2d 832 (5th Cir.1983); *Dura-Wood Treating Co. v. Century Forest Industries, Inc.,* 694 F.2d 112, 114 (5th Cir.1982); *Warner v. City of Bay St. Louis,* 526 F.2d 1211, 1212 (5th Cir.1976). The mistake in the present case affects the substantive rights of the parties. It is not clerical, and if it in fact occurred, it is one of mistake,

---

1. Miss.Code Ann. § 15–1–13 (1972).

2. Sometime prior to July of 1981, Anderson-Tully noticed that Jones had been cutting timber from land it owned pursuant to the 1977 court order. Consequently, it filed a Suit for Enforcement of Judgment in a United States District Court requesting an injunction and damages in the amount of $8,015.00. Because the plaintiff requested damages, the district court deemed the suit to be a new lawsuit and not a continuation of the previous action, and in December of 1981 dismissed the action because the amount in controversy was less than the $10,000 required for federal jurisdiction.

inadvertence, surprise, or excusable neglect governed by Rule 60(b)(1) and barred by the Rule 60(b) one-year statute of limitations.[3]

 The limitations period in Rule 60(b), of course, does not bar a separate action for equitable relief in favor of parties free from fault or negligence. *See West Virginia Oil & Gas Co.*, 213 F.2d at 707; *Hale v. Ralston Purina Co.*, 432 F.2d 156, 160 (8th Cir.1970). Without deciding the fault or negligence issue, however, we hold that Jones has improperly attempted to obtain equitable relief through a proposed amendment to a previous order. The order of the district court dismissing Jones' Rule 60 motion is therefore

AFFIRMED.

**3.** Rule 60(b) contains six specifically enumerated grounds for relief, only three of which must be asserted within one year from the date the court enters a final judgment. While Rule 60(b)(6), to which the one-year limitations period is *not* applicable, allows the court to grant relief for "any other reason justifying relief from the operation of the judgment," *West Virginia Oil & Gas Co., Inc. v. George E. Breece*

*Lumber Co., Inc.*, 213 F.2d 702 (5th Cir.1954), a case directly on point with the present case, holds that a mistake in a legal property description specifically is covered by Rule 60(b)(1).