## In re VILLAGE BY THE SEA, INC., Debtor.

### Bankruptcy No. 83–00775–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

March 23, 1989.

Joseph L. De Gance, Fort Lauderdale, Fla., for Village by the Sea Apts.

Howard Dubosar, Miami, Fla., for Avery Development Corp.

Michael McNerney, Fort Lauderdale, Fla.

Cathy Jackson Lerman, Fort Lauderdale, Fla.

Raymond Ray, Fort Lauderdale, Fla.

Michael Katz, Miami, Fla.

Patricia Redmond, Miami, Fla., for A.M. Schwittalla.

## ORDER ON REMAND FROM UNITED STATES DISTRICT COURT

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon remand from the United States District Court for the Southern District of Florida for an evidentiary hearing for the taking of further evidence on January 6 and February 22, 1989, and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Village By The Sea Condominium Apartments, Inc., (appellant) appealed to the District Court an order entered by the bankruptcy court in April of 1988 denying the debtor's motion to reopen case. As a matter of clarification, the Court would note for the record that this case was never closed. However, this Court is still bound to comply with the remand order and make findings of fact.

The appellant sought to reopen the case in order to correct a final order entered by the bankruptcy court on March 26, 1985

approving rejection of executory contracts. Pursuant to that order, the land adjacent to the Village By The Sea Condominium Apartments was to be encumbered by perpetual nonexclusive easements for vehicular and pedestrian ingress and egress in favor of the condominium. These easements were more fully described in Exhibits C–1 and C–2 of the order, however, the easements as described fell 17 feet short of the right of way to State Road A–1–A.

The appellant did not notice the discrepancy between the Declarations of Condominium legal description and the one incorporated in the order. Thereafter in July of 1987 the appellee, Avery Development Corporation, purchased a parcel of land adjacent to the condominium which included the disputed 17 foot strip of land containing the final portion of the paved roadway connecting Village By The Sea to State Road A–1–A. The deed pursuant to which Avery took title stated that its title was subject to the easements for ingress and egress described in the bankruptcy court's final order. Subsequently, appellee took the position that, based upon the metes and bounds description in the final order, the easement enjoyed by the condominium residents stopped 17 feet short of A–1–A. Therefore, appellee threatened to erect a fence at the border of its property to prevent the condominium residents from using the easement to State Road A–1–A.

Consequently, in February of 1988 the appellant filed a motion to reopen case and for relief from the order entered in March of 1985 arguing under Fed.R.Civ.P. 60(a) that the discrepancy in the legal description in Exhibit C–1 was a clerical mistake which may be corrected by the court at any time instead of the type of error contemplated under 60(b). The bankruptcy court denied the appellant's motion and the order was appealed to the District Court.

On remand this Court is directed to determine whether the mistake in the metes and bounds description of the southern access parcel easement, contained in Exhibit C–1 attached to this Court's order dated March 26, 1985, falls within the provisions of Fed.R.Civ.P. 60(a) or 60(b).

■ The Court finds that the mistake in the March 26, 1985 order falls within the provisions of Fed.R.Civ.P. 60(a) which may be corrected at any time and the Fifth Circuit's decision in *Chavez v. Balesh,* 704 F.2d 774, 775 (5th Cir.1983) which states that Rule 60(a) concerns "what is erroneous because the thing spoken, written or recorded is *not what the person intended* to speak, write or record" (emphasis added) [quoting *Allied Materials Corp. v. Superior Products Co.,* 620 F.2d 224, 226 (10th Cir.1980) ]. In *Chavez,* a judgment was held correctable pursuant to Rule 60(a) because the relief stated in the judgment did not give the plaintiff the damages intended to be awarded according to the findings of fact contained in the judgment. The court at any time may correct a judgment to reflect its actual intent. *In re Jee,* 799 F.2d 532, 535 (9th Cir.1986).

Additionally, in *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir.1987) the Ninth Circuit stated that the distinction between clerical mistakes under 60(a) and mistakes correctable only pursuant to 60(b) is that the former consists of "blunders in execution" while the latter occurs where the court changes its mind. The record is clear that the terms of the final order are different from the relief intended to be awarded by this Court and therefore the legal description is correctable as a clerical error under Rule 60(a) pursuant to *Blanton, supra,* and *Chavez, supra.* The Court in reaching its decision has carefully considered the testimony of Professor Bruce Winnick relative to application of 60(a) or 60(b) but finds the testimony is not persuasive in view of the facts and circumstances of this particular case.

The appellee has strenuously argued that it was intended that the A–1–A easement stop 17 feet short of A–1–A. However, since the appellee was not before the Court at the time of the bankruptcy proceedings, its argument is purely speculative. Indeed, the evidence before the Court including the Declarations of Condominium, the testimony of all of the attorneys involved in the bankruptcy proceedings including the senior creditors, and the language of the order

itself reflects the Court's intent to preserve the easement as it existed prior to execution of the final order.

■ Appellee also argues that the clerical correction should not be made because it adversely affects its property rights. The Court finds this an insufficient basis for refusing to exercise discretion and re-open the case. In this regard, the Court is guided by *United States v. Griffin*, 782 F.2d 1393, 1398 (7th Cir.1986) which states that the purchaser of an interest affected by a judgment is subject to Rule 60(a)'s purpose of reaching a correct result and if the purchaser's expectations are defeated by correction of the judgment then the purchaser may seek satisfaction through any remedies available against the purchaser's vendor.

Further, the Court notes that while there might be special circumstances where the rights of intervening third parties might militate against correction of a clerical error, none have been presented to the Court in this case. The evidence shows that appellee purchased its property adjacent to the condominium with full knowledge of the existence of the paved roadway to A-1-A as well as the continuous use of that roadway by the condominium residents since 1969. Because of this knowledge, appellee is precluded from relying on the easement description in the final order to establish its position as an innocent, injured party.

Appellee relies most heavily upon *Jones v. Anderson–Tully Company*, 722 F.2d 211 (5th Cir.1984) in support of its argument that the error in the legal description herein cannot be corrected pursuant to 60(a) and is therefore barred by the one year limitation contained in 60(b). *Jones* concerned a suit to quiet title to certain lands. In orally announcing its opinion, the district court noted that the defendant, for at least ten years, had exhibited possession of part of the disputed property by marking its boundary with blue paint. In its order, the court gave a legal description of what purported to be this blue painted boundary and awarded title to the property accordingly. The plaintiffs filed two mo-

tions to amend the judgment which were denied but did not appeal.

Several years later a new survey was taken indicating that the court had unintentionally given more land to the defendant than it had intended. Therefore, plaintiffs filed a motion for correction of judgment alleging that the district court did not do what it intended to do by its description of the legal boundaries of the land. This motion was denied by the district court on the basis of the one year statute of limitations contained in Rule 60(b). On appeal, this decision was affirmed by the Fifth Circuit based upon its finding that the mistake in the original order was governed by Rule 60(b). The Fifth Circuit found that the mistake alleged was one of substantive judgment and therefore not clerical in nature.

The Court finds the facts of *Jones* distinguishable. In this case the Court in executing the Order Approving Rejection of Executory Contracts always envisioned the inclusion of the disputed 17 foot strip within the easement to State Road A-1-A to be enjoyed by the condominium residents. Unlike *Jones*, the legal description contained in the order in the present case failed to comport with the substantive relief intended to be granted the parties by this Court. The Court's intent was to preserve the condominium residents' rights, as established in the 1969 Declarations of Condominium, to a pedestrian and vehicular ingress and egress easement to State Road A-1-A as it existed prior to execution of the order. However, the metes and bounds description of the southern access parcel easement contained in Exhibit C-1 of the final order limits this easement to a point 17 feet short of A-1-A. Therefore, the Court finds that the metes and bounds description, included in the order as Exhibit C-1, conflicts with the rights of the condominium residents as established in the 1969 Declarations of Condominium and it is not the relief the Court intended to grant.

Based upon the foregoing, it is hereby:

ORDERED AND ADJUDGED that the metes and bounds description of the southern access parcel easement (Exhibit C-1 of

the Order Approving Rejection of Executory Contracts) be amended to add the following legal description, which includes an easement for pedestrian and vehicular ingress and egress to State Road A–1–A for the residents of Village By The Sea Condominium Apartments, Inc., as follows:

A portion of the South 125 feet of the North 250 feet of the South one-half (S ½) of the Southwest one quarter (SW ¼) of the Northeast one quarter (NE ¼) of Section 7, Township 49 South, Range 43 East, Broward County, Florida, and a portion of Government Lot 1 of said Section 7, bounded as follows:

On the North by the North line of the said South 125 feet of the North 250 feet of the South one-half (S ½) of the Southwest one-quarter (SW ¼) of the Northeast one-quarter (NE ¼) of Section 7; on the East by the Westerly right-of-way line of State Road A–1–A; On the South by the South line of the said South 125 feet of the North 250 feet of the South one-half (S ½) of the Southwest one-quarter (SW ¼) of the Northeast one-quarter (NE ¼) of Section 7; AND on the West by a line 17 feet West of (as measured at right angles) and parallel to the said Westerly right-of-way line of State Road A–1–A. [As contained in the 1969 Declaration of Condominium of VILLAGE BY THE SEA CONDOMINIUM APARTMENTS, INC., at page 2, O.R. Book 4083 at page 160.]

The Order Approving Rejection of Executory Contracts remains unchanged in all other respects.

DONE AND ORDERED.